## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS, INTERNATIONAL UNION, AFL-CIO-CLC, and UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS LOCAL 4-786, | ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 07-126 (JJF) |
| v. | ) ) ) | |
| E. I . DU PONT DE NEMOURS AND COMPANY, | ) ) ) | |
| Defendant. | ) ) ) | |

## DEFENDANT E. I. DUPONT DE NEMOURS AND COMPANY'S ANSWER TO COMPLAINT FOR BREACH OF CONTRACT AND TO COMPEL LABOR ARBITRATION

Defendant E. I. du Pont de Nemours and Company ("DuPont") hereby files its Answer

and Defenses to the Complaint for Breach of Contract and to Compel Labor Arbitration (the

"Complaint") and responds to each numbered paragraph as follows. All allegations not

expressly and specifically admitted are hereby expressly and specifically denied.

### Introduction

1.     DuPont admits that Plaintiffs United Forestry, Rubber, Manufacturing, Energy,

Allied Industrial and Service Workers and United Forestry, Rubber, Manufacturing, Energy,

Allied Industrial and Service Workers Local 4-786 and (collectively, "Plaintiffs") purport to

bring an action for breach of a collective bargaining agreement and to compel an employer to

process a grievance and participate in the arbitration of that grievance pursuant to the procedure

in the parties' collective bargaining agreement which provides for grievances to be discussed in the grievance procedure and to be resolved by a labor arbitrator in final and binding arbitration. DuPont denies that Plaintiffs are entitled to any of the relief that they seek.

### Jurisdiction and Venue

2.    DuPont admits the allegations contained in paragraph 2.

3.    DuPont admits the allegations contained in paragraph 3 and reserves and does not waive any rights that it may have to seek a transfer or change of venue at this or any subsequent time.

### The Parties and the CBA

4.    DuPont admits the allegations contained in paragraph 4.

5.    DuPont admits the allegations contained in paragraph 5.

6.    DuPont admits that DuPont and Plaintiffs are parties to a collective bargaining agreement applicable to the unit of employees at DuPont's Edgemoor plant. DuPont further admits the allegations contained in the second sentence of paragraph 6 and that a true and correct copy of the parties' collective bargaining agreement is attached as Exhibit A to the Complaint. With respect to the remaining allegations contained in paragraph 6, DuPont states that the terms of the parties' collective bargaining agreement speak for themselves.

7.    DuPont admits only that DuPont and Plaintiffs are parties to a collective bargaining agreement. With respect to the remaining allegations contained in paragraph 7, DuPont states that the terms of the parties' collective bargaining agreement speak for themselves.

8.    DuPont admits only that DuPont and Plaintiffs are parties to a collective bargaining agreement. With respect to the remaining allegations contained in paragraph 8, DuPont states that the terms of the parties' collective bargaining agreement speak for themselves.

9.     DuPont admits the allegations contained in paragraph 9 and further admits that a true and correct copy of the announcement is attached as Exhibit B to the Complaint.

10.     DuPont admits the allegations contained in the first and third sentences of paragraph 10. DuPont further admits that a copy of the grievance is attached as Exhibit C to the Complaint and that a copy of the amended grievance is attached as Exhibit D to the Complaint. With respect to the remaining allegations contained in paragraph 10, DuPont states that the content of the amended grievance speaks for itself.

11.     DuPont admits that the company issued a First Step Response to the grievance on September 26, 2006, and that a true copy of that response is attached as Exhibit E to the Complaint. With respect to the remaining allegations contained in paragraph 11, DuPont states that the content of the DuPont's First Step Response speaks for itself.

12.     DuPont admits the allegations contained in the first sentence of paragraph 12 and further admits that a true copy of the memorandum that Mr. Ingraham provided to Mr. Schilling is attached as Exhibit F to the Complaint. With respect to the remaining allegations contained in paragraph 12, DuPont states that the content of Mr. Ingraham's memorandum speaks for itself.

13.     DuPont admits the allegations contained in the first sentence of paragraph 13 and further admits that a true and correct copy of Mr. Brean's letter to Mr. Ingraham is attached as Exhibit G to the Complaint. With respect to the remaining allegations of paragraph 13, DuPont states that the content of Mr. Brean's letter speaks for itself.

14.     DuPont admits the allegations contained in the first sentence of paragraph 14 and further admits that a true copy of Ms. Huggett's letter to Mr. Brean is attached as Exhibit H to the Complaint. With respect to the remaining allegations of paragraph 14, DuPont states that the content of Ms. Huggett's letter speaks for itself. DuPont denies that allegations of paragraph 14

to the extent Plaintiffs allege that DuPont's position is that only disputes under Medical Care Assistance Plan and the Dental Assistance Plan are not arbitrable.

### DuPont's Breach and This Suit to Compel Arbitration

15.    DuPont denies the allegations contained in paragraph 15.

16.    DuPont denies the allegations contained in paragraph 16.

17.    DuPont denies the allegations contained in paragraph 17.

18.    DuPont denies the allegations contained in paragraph 18, and denies that Plaintiffs are entitled to the relief that sought in the Complaint.

DuPont denies the allegations in each and every "WHEREFORE" subpart and denies that Plaintiffs are entitled to declaratory relief or any other relief sought in the Complaint.

## SEPARATE DEFENSES

### First Separate Defense

Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

### Second Separate Defense

The allegations set forth in the Complaint are barred in whole or in part by the doctrine of equitable estoppel.

### Third Separate Defense

The allegations set forth in the Complaint are barred in whole or in part by the doctrine of waiver.

### Fourth Separate Defense

The allegations set forth in the Complaint are barred in whole or in part because DuPont complied with all applicable terms of its collective bargaining agreement with Plaintiffs.

### Fifth Separate Defense

Plaintiffs' claims are or may be limited by, overridden by and/or preempted by federal law, including without limitation the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.*

\*    \*    \*

DuPont's investigation of facts and defenses is ongoing and DuPont reserves the right to amend or supplement its defenses after further investigation.

POTTER ANDERSON & CORROON LLP

By */s/ Kathleen Furey McDonough*
    Kathleen Furey McDonough (#2395)
    Sarah E. DiLuzio (#4085)
    Potter Anderson & Corroon LLP
    1313 North Market Street
    Hercules Plaza, 6th Floor
    Wilmington, DE  19801
    (302) 984-6000
    kmcdonough@potteranderson.com
    sdiluzio@potteranderson.com

    Thomas P. Gies
    Kris D. Meade
    Glenn D. Grant
    CROWELL & MORING LLP
    1001 Pennsylvania Avenue, N.W.
    Washington, D.C.  20004-2595
    (202) 624-2500

    *Attorneys for Defendant E. I. du Pont de Nemours and Company*

Dated:  April 9, 2007
788227

## CERTIFICATE OF SERVICE

I hereby certify this 9th day of April, 2007, that the foregoing was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the following counsel of record that the document is available for viewing and downloading from CM/ECF:

> Susan E. Kaufman
> HEIMAN, GOUGE & KAUFMAN, LLP
> 800 King Street
> Suite 303
> Wilmington, DE 19801

> */s/ Kathleen Furey McDonough*
> Kathleen Furey McDonough (#2395)
> Potter Anderson & Corroon LLP
> 1313 North Market Street
> Hercules Plaza, 6th Floor
> Wilmington, DE  19801
> (302) 984-6000
> kmcdonough@potteranderson.com

788227