IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS, INTERNATIONAL UNION, AFL-CIO-CLC, and UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS LOCAL 4-786,<br><br>       Plaintiffs,<br><br>       v.<br><br>E. I . DU PONT DE NEMOURS AND COMPANY,<br><br>       Defendant. | C.A. No. 07-126 (JJF) |

## DECLARATION OF JENNIFER G. KNIGHT

I, Jennifer G. Knight, declare under penalties of perjury as follows:

1.     I am employed as counsel at Crowell & Moring, LLP, counsel to Defendants E.I. du Pont de Nemours and Company ("DuPont") and DuPont Performance Elastomers, LLC ("DPE") in this matter. This declaration is submitted in support of DuPont's and DPE's motion for summary judgment in the above-referenced litigation. I have personal knowledge of, and am competent to testify about, the matters contained herein.

2.     Attached as Exhibit A to this Declaration is a true and correct copy of the grievance the Ampthill Rayon Workers, Inc. filed at DuPont's Spruance facility, located in Richmond, Virginia.

3.     Attached as Exhibit B to this Declaration is a true and correct copy of the grievance United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial &

Service Workers Local 4-786 ("Local 4-786") filed at DuPont's Edgemoor facility, located in Edgemoor, DE.

4.      Attached as Exhibit C to this Declaration is a true and correct copy of the grievance United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial & Service Workers Local 4-5025 ("Local 4-5025") filed at DuPont's Niagara Falls plant, located in Niagara Falls, NY.

5.      Attached as Exhibit D to this Declaration is a true and correct copy of the grievance United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial & Service Workers Local 943 ("Local 943") filed at DuPont's Chambers Works facility, located in Deep Water, NJ.

6.      Attached as Exhibit E to this Declaration is a true and correct copy of the grievance United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial & Service Workers Local 8-2002 ("Local 8-2002") filed at DuPont's Louisville Plant in Kentucky.

7.      Attached as Exhibit F to this Declaration is a true and correct copy of the grievance Local 943 filed at DPE's Chambers Works facility, located in Deepwater, NJ.

8.      Attached as Exhibit G to this Declaration is a true and correct copy of the grievance the International Brotherhood of DuPont Workers, Philadelphia Workers Union Local 1186 ("IBDW") filed at DuPont's Marshall Labs facility.

9.      Attached as Exhibit H to this Declaration is a true and correct copy of the charge the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial & Service Workers International Union ("USW") and Local 4-5025 filed with the National Labor Relations Board ("NLRB") regarding DuPont's Niagara Falls plant, located in Niagara Falls, NY. This charge was subsequently withdrawn.

2

10.    Attached as Exhibit I to this Declaration is a true and correct copy of the charge that the USW and Local 4-5025 refiled with the NLRB regarding DuPont's Niagara Falls plant, located in Niagara Falls, NY.

11.    Attached as Exhibit J to this Declaration is a true and correct copy of the charge the USW and Local 943 filed with the NLRB regarding DuPont's Chambers Works facility, located in Deepwater, NJ.

12.    Attached as Exhibit K to this Declaration is a true and correct copy of the charge the USW and Local 943 filed with the NLRB regarding DPE's Chambers Works facility, located in Deepwater, NJ.

13.    Attached as Exhibit L to this Declaration is a true and correct copy of the charge the USW and Local 4-786 filed regarding DuPont's Edgemoor facility, located in Edgemoor, Delaware.

14.    Attached as Exhibit M to this Declaration is a true and correct copy of the charge the USW and Local 6992 filed regarding DuPont's Yerkes facility, located in Buffalo, NY.  This charge was subsequently withdrawn.

15.    Attached as Exhibit N to this Declaration is a true and correct copy of the charge the USW and Local 6992 resubmitted to the NLRB regarding DuPont's Yerkes facility, located in Buffalo, NY.

16.    Attached as Exhibit O to this Declaration is a true and correct copy of the charge Local 5-2002 filed regarding DuPont's facility, located in Louisville, KY.

17.    Attached as Exhibit P to this Declaration is a true and correct copy of the charge Local 5-2002 filed regarding DPE's facility, located in Louisville, KY.

3

18.     Attached as Exhibit Q to this Declaration is a true and correct copy of the charge the IBDW filed with the NLRB regarding DuPont's Marshall Labs facility.

19.     Attached as Exhibit R to this Declaration is a true and correct copy of the charge ARWI filed with the NLRB regarding DuPont's Spruance facility, located in Richmond, VA.

20.     The above-referenced charges have been filed in four NLRB regional offices. The charges that have not been withdrawn are currently consolidated in NLRB Region 9 in Cincinnati, which is processing the charges.

*     *     *

Pursuant to 28 U.S.C. Section 1746, I declare, under penalty of perjury, that the foregoing is true and correct. Executed in Washington, D.C.

Jennifer G. Knight                              7/23/07
                                                Date

4

## CERTIFICATE OF SERVICE

I hereby certify this 23rd day of July, 2007, that the foregoing was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the following counsel of record that the document is available for viewing and downloading from CM/ECF:

> Susan E. Kaufman
> HEIMAN, GOUGE & KAUFMAN, LLP
> 800 King Street
> Suite 303
> Wilmington, DE 19801

> */s/ Kathleen Furey McDonough*
> Kathleen Furey McDonough (#2395)
> Potter Anderson & Corroon LLP
> 1313 North Market Street
> Hercules Plaza, 6th Floor
> Wilmington, DE  19801
> (302) 984-6000
> kmcdonough@potteranderson.com

808531/20120-433

**EXHIBIT A**

# AMPTHILL RAYON WORKERS, INC.
5772 HOPKINS ROAD
RICHMOND, VIRGINIA 23234
(804) 275-8074 (Office)
(804) 275-2284 (FAX)
(804) 383-4477 (Plantsite)

## *Formal Grievance*

Grievance #____1-S-06___          Violation: **Violation of the *Contract***
Area Director: Irvin              Presentation Date: November 7, 2006

Management Responsible: Ray/Rhodes/Campbell

\* This document is not intended to be all inclusive. All comments presented by this committee are part of the official grievance

**Brief Description of Incident:** On August 28, 2006, the company announced changes to several of the Benefit Plans listed under Article VII, Sections 1 and 3 of the Bargaining Agreement. These changes are set forth in the Company's announcement of the changes.

**Points Brought Out in the Investigation:**
#1 Article VII, Section 1 of the Bargaining Agreement states in part, "any change in these Plans & Practices, which had the effect of reducing or terminating benefits will not be made effective until one (1) year after notice to the UNION by the COMPANY of such change".

#2 There is no provision in the contract language, or in the plans themselves, which provides for one class of employees to be treated differently from another class of employees (new hires versus existing employees).

#3 By making changes for employees hired beginning 1/1/07 that includes the following- (1) they will not participate in the pension plan; (2) they will not get a company subsidy for retiree healthcare or life insurance; (3) they will receive a maximum vacation benefit of five weeks; (4) they will be eligible to bank no more than three weeks of vacation; and (5) they will be able to purchase vacation only during the first ten years of employment; the Company is in violation of Article VII, Section 1 and 3 of the Agreement..

#4 Moreover, by providing an additional SIP benefit in 2007 to the employees hired beginning 1/1/07, which not providing that benefit during 2007 to employees hired prior to that date, the Company is in violation of Article VII, Section 1.

#5 Finally, by providing that effective 1/1/08 the pension benefit for existing employees (but not for employees hired beginning 1/1/07 who will receive no pension benefit) will continue but at a rate that is one third of its current level, the Company violated Article VII, Section 1.

#6 Similarly, the declaration that the Company paid survivor benefit for existing employees (but, again not for employees hired beginning 1/1/07 who will receive no survivor benefit) will not continue to grow with service or pay after December 31, 2007, is also a violation of Article VII, Section 1.

#7 As a separate matter, by announcing these changes unilaterally, without having first bargained with the Union and without having reached a lawful impasse, the Company not only violated the above contractual language but also violated its duty to bargain under both the contract (including Article II, Section 1,2 and 3) and the National Labor Relations Act.

**Resolution Sought:** Properly bargain any changes. Wait one year for implementation for any changes that negatively impact represented employees.

# EXHIBIT B

# UNITED STEEL WORKERS INTL. UNION
# AND ITS LOCAL 4-786

### GRIEVANCE REPORT

Grievance No. _1867_    Subject:    Violation of Contract         Date:   9/14/06

When did grievance occur? Date – On or about  _8/28/06_   Time: _____    Shift: _Days_

Who was involved?     Grievant:  _USW Local 4-786_ _____

                      Others: _____

Area Manager:  _Frank Ingraham_ _____    Unit Manager:  _Robin Spangler_ _____

**==================================================**

### NATURE OF GRIEVANCE

1.  Fundamental Unfairness: _____
2.  Violation of Contract: _Article IX, Section1_ _____
3.  Violation of Policy: _____
4.  Violation of Past Practice: _____
5.  Violation of Safety Policy: _____

State what happened:      Changes to the Pension & Retirement Plan and the Savings &
                          Investment Plan, effective January 1, 2008, for current employees and
                          January 1, 2007 for new hires, violates Article IX, Section 1, because
                          such "modifiactions" are not permitted within the meaning of that article.

_____

_____

_____

_____

Remedy requested:   _Cease and Desist from making the announced changes_ ____   In addition,
the Union demands that the Company cease and desist from violating the Labor Agreement, that
incidents(s) be rectified, that proper compensation, including benefits and overtime, at applicable
rate of pay, be paid for all losses; and further that those affected be made whole in every respect.

Signatures:   Mark Schilling - President            Thomas M. Campbell - Vice President

### AMENDED GRIEVANCE NO. 1867

**State What Happened;**

On August 28, 2006, the Company announced changes in the terms and conditions of employment for actives and new hires in the attached e-mail incorporated herein, sent on that date to U.S. employees from Jim Borel, Senior Vice President – Human Resources.  With respect to actives, the application to such persons of the changes in the Pension and Retirement Plan and Savings and Investment Plan, effective January 1, 2008, violates Article IX, Section 1 of the Collective Bargaining Agreement because such changes are not permitted "modifications" within the meaning of that article and section.  With respect to new hires hired on or after January 1, 2007, the withdrawal, effective January 1, 2007, of both the Pension and Retirement Plan and the current terms of the Vacation Plan violate Article IX, Section I on two independent and sufficient grounds.  First, these announced changes violate Article IX, Section 1, because such changes are not permitted "modifications" within the meaning of that Article and Section.  Second, these announced changes involved "Company Plans and Practices" within the meaning of Article IX, Section 1 and their withdrawal from employees covered by this agreement, on and after January 1, 2007, violates Article IX, Section 1 because such Plans and Practices remain "in effect within the Company."  In addition, with respect to new hires hired on or after January 1, 2007, the withdrawal of the subsidies for retiree health care (medical and dental) and life insurance violates Article IX, Section 3 of the Collective Bargaining Agreement.

Remedy:  Cease and desist from making the announced changes.

It is requested that the further processing of this grievance, which has been filed as a precautionary measure, be held in abeyance pending the Company's response to the Union's pending information request.

**EXHIBIT C**

Page 1 of 2

# UNION – MANAGEMENT MEETING

**DATE:** 9/6/06                                 **GRIEVANCE#** 06-14

**STEP#** _____1_____                        **MEETING#** _____

**UNION REPRESENTATIVE:**        **MANAGEMENT:**        **EMPLOYEE:**
MARTIN FREEBURG                                         Rep. Grievance
**TITLE OF GRIEVANCE:**  Contract Violation

__UNION SUMMARY:__   On August 28, 2006, the Company announced changes in the terms and conditions of employment for actives and new hires in the attached e-mail incorporated herein, sent on that date to U.S. employees from Jim Borel, Senior Vice President-Human Resources.  With respect to actives, the application to such persons of the changes in the Pension and Retirement Plan and Savings and Investment Plan, effective January 1, 2008, violates Article XI, Section 1 of the Collective Bargaining Agreement because such changes are not permitted "modifications" within the meaning of that article and section.  With respect to new hires hired on or after January 1, 2007, the withdrawal, effective January 1, 2007, of the Pension and Retirement Plan, retiree life insurance, and subsidies for retiree medical and dental insurance from such employees violates Article XI, Section 1 on three independent and sufficient grounds.  First, these announced changes violate Article XI, Section 1, because such changes are not permitted "modifications" within the meaning of that Article and Section.  Second, these announced changes involve "Company Plans and Practices" within the meaning of Article XI, Section 1 and their withdrawal from employees covered by this agreement, on and after January 1, 2007, violates Article XI, Section 1 because such Plans and Practices remain "in effect within the Company."  Third, the announced changes in Plans and Practices, not involving changes to the Beneflex Flexible Benefit Plan, for employees hired on or after January 1, 2007, effective on that date, violates the provision of Article XI, Section 1, that "Any changes in the Industrial Relations Plans and Practices, except for the Beneflex Flexible Plan, which has the effect of reducing or terminating benefits will not be made effective until twelve (12) months notice is given to the Union by the Company."  In addition, the changes in vacation eligibility, banking, and selling, for new hires on or after January, 2007, effective January 1, 2007, violate Article XI, Section 1 for the first and third independent and sufficient grounds previously set forth.

Remedy:  Cease and desist from making the announced changes.

It is requested that the processing of this grievance, which has been filed as a precautionary measure, be held in abeyance pending the Company's response to the attached September 1, 2006 letter from Kenneth Test, DuPont Council Chairman, to Mr. Borel requesting "on behalf of both the International Union and all affected local unions that any time limits at each of the plants concerning the filing of a grievance concerning any changes announced in the August 28, 2006 e-mail be suspended until such time as the … meeting (requested in Mr. Test's letter) is held."

Page 2 of 2

## MANAGEMENT SUMMARY:

## DISPOSITION:

**EXHIBIT D**

#22-06
GRIEVANCE REPORT
E. I. DuPont deNemours & Co.
Chambers Works, Deepwater New Jersey

Case No._____
U.S.W. LOCAL 943

Name ___USW LOCAL 943___  Clock No. _____ Date ___SEPTEMBER 22, 2006___
Occupation _____  Rate _____ Department_____
Statement of Case:

USW Local 943 is aggrieved in that the Company has violated the 1991 P&M and Clerical
Contracts, as follow:.

On August 28, 2006, the Company announced changes in the terms and conditions of
employment for actives and new hires in the attached e-mail incorporated herein, sent on that
date to U.S. employees from Jim Borel, Senior Vice President – Human Resources. With respect
to actives, the application to such persons of the changes in the Pension and Retirement Plan
and Savings and Investment Plan, effective January 1, 2008, violates Article VII, Section 1 of the
Collective Bargaining Agreement because such changes are not permitted "modifications" within
the meaning of that article and section. With respect to new hires hired on or after January 1,
2007, the withdrawal, effective January 1, 2007, of the Pension and Retirement Plan, the current
terms of the Vacation Plan, and the retiree life insurance subsidy violate Article VII, Section 1 on
two independent and sufficient grounds. First, these announced changes violate Article VII,
Section 1, because such changes are not permitted "modifications" within the meaning of that
Article and Section. Second, these announced changes involved "Company Plans and Practices"
within the meaning of Article VII, Section 1 and their withdrawal from employees covered by this
agreement, on and after January 1, 2007, violates Article VII, Section 1 because such Plans and
Practices remain "in effect within the Company." In addition, with respect to new hires hired on or
after January 1, 2007, the withdrawal of the subsidies for retiree health care (medical and dental)
violates Article XVI of the Collective Bargaining Agreement.

Remedy: Cease and desist from making the announced changes.

It is requested that the processing of this grievance, which has been filed as a precautionary
measure, be held in abeyance pending the Company's response to the Union's pending
information request.

_____          _____
Signature of Union Representative          Signature of Aggrieved

Date and time presented in Step. #1 ___9/26/06_____
Foreman's or Supervisor's answer:

            Please read attached.

Date and time answered _____

                              Signature/Title
_____

Date and time presented Step #2 _____

Area Superintendent's (or Engineer's) answer:




Date and time answered _____
                                    **Signature/Title**
_____

Date and time presented in Step #3 _____

Disposition of case _____

Date and time answered _____

                                         **Management Representative**

**EXHIBIT E**



WHITE-Company   YELLOW-Chief Steward   PINK-Local Union

**Paper, Allied-Industrial, Chemical & Energy Workers Intl. Union**
# GRIEVANCE REPORT

DATE _MARCH 1, 2007_   LOCAL NUMBER _8-2002_

GRIEVANCE NUMBER _5/315_

MEMBER'S NAME _GREGORY LOWMAN_

CLOCK NUMBER

COMPANY _DuPont Louisville Works_

DEPARTMENT _OPERATIONS_   SUPERVISOR _DENNIS BARRY_

WHEN DID GRIEVANCE OCCUR? DATE (on or about) _August 28, 2006_   TIME

GRIEVANCE REPORTED BY _Gregory R Lowman_

**COMPLAINT**   The Union charges the Company with a specific violation of Article (s) _IX, INDUSTRIAL_
_Relations PLANS & Practices_ and any other provisions of the Agreement that may be found to apply.
STATE WHAT HAPPENED: _Company Announced Changes in the terms + Conditions_
_of employment for current + New hires IN respect of Changing Pension +_
_Retirement PLAN, S.I.P., VACATION PLAN, + Retiree or HEALTH CARE._

**REMEDY REQUESTED**   _Cease AND Desist from making the announced_
_changes. It is requested that The processing of this grievance_
_which has been filed as a precautionary measure, be held in obeyance with_
_pending information requests._
plus the Union demands that the Company cease and desist from violating the Collective Bargaining Agreement,
that the incident(s) be rectified, that proper compensation, including benefits and overtime, at the applicable rate
of pay, be paid for all losses; and further that those affected be made whole in every respect.

_Gregory R Lowman_
SIGNATURE FOR THE UNION                    SIGNATURE FOR THE COMPANY

SIGNATURE FOR THE UNION                    SIGNATURE FOR THE COMPANY

**FIRST STEP**   DATE SUBMITTED ___   STEWARD ___
ANSWER ___
SETTLEMENT SATISFACTORY: YES☐ NO☐
DATE ___   SIGNATURE OF CO. OFFICIAL ___

**SECOND STEP**   DATE SUBMITTED ___   STEWARD ___
ANSWER ___
SETTLEMENT SATISFACTORY: YES☐ NO☐
DATE ___   SIGNATURE OF CO. OFFICIAL ___

**THIRD STEP**   DATE SUBMITTED ___   STEWARD ___
ANSWER ___
SETTLEMENT SATISFACTORY: YES☐ NO☐
DATE ___   SIGNATURE OF CO. OFFICIAL ___

**FOURTH STEP**   DATE SUBMITTED ___   STEWARD ___
ANSWER ___
SETTLEMENT SATISFACTORY: YES☐ NO☐
DATE ___   SIGNATURE OF CO. OFFICIAL ___

**ARBITRATION**   DATE SUBMITTED TO ARBITRATION ___   NAME OF ARBITRATOR ___
DECISION OF ARBITRATOR (attach copy) ___
DATE ___

**EXHIBIT F**

#4-06
**GRIEVANCE REPORT**                                   Case No._____
DuPont Performance Elastomers                          U.S.W. LOCAL 943
Chambers Works, Deepwater New Jersey

Name _USW LOCAL 943_____ Clock No.____ Date __SEPTEMBER 22, 2006_
Occupation _____ Rate _____ Department_____
**Statement of Case:**

USW Local 943 is aggrieved in that the Company has violated the 2005 DuPont Performance Elastomers Contact, as follows:

On August 28, 2006, the Company announced changes in the terms and conditions of employment for actives and new hires in the attached e-mail incorporated herein, sent on that date to U.S. employees from Jim Borel, Senior Vice President—Human Resources. With respect to actives, the application to such persons of the changes in the Pension and Savings and Investment Plan, effective January 1, 2008, violates Article IX, Section 1 of the Collective Bargaining Agreement because such changes are not permitted "modifications" within the meaning of that article and section. With respect to new hires hired on or after January 1, 2007, the withdrawal, effective January 1, 2007, of the Pension and Retirement Plan, the current terms of the Vacation Plan, and the retiree life insurance subsidy violate Article IX, Section 1 on two independent and sufficient grounds. First, these announced changes violate Article IX, Section 1, because such changes are not permitted "modifications" within the meaning of that Article and Section. Second, these announced changes involved "Company Plans and Practices" within the meaning of Article IX, Section 1 and their withdrawal from employees covered by this agreement, on and after January 1, 2007, violates Article IX, Section 1 because such Plans and Practices remain "in effect within the Company." In addition, with respect to new hires hired on or after January 1, 2007, the withdrawal of the subsidies for retiree health care (medical and dental) violates Article VIII, Section 1 of the Collective Bargaining Agreement.

Remedy: Cease and desist from making the announced changes.

It is requested that the processing of this grievance, which has been filed as a precautionary measure, be held in abeyance pending the Company's response to the Union's pending information request.

_____      _____
Signature of Union Representative        Signature of Aggrieved

Date and time presented in Step. #1 _Sept 26, 2006 @ 1:00 pm_
Foreman's or Supervisor's answer:

Date and time answered _10-4/06 - 11:00am_ _____
                                              Signature/Title

See MANAJMnt RESPONSE -10-4-06

**EXHIBIT G**

## GRIEVANCE FORM

**To:**   Patricia Lister, Management Representative

**From:**  David Gibson, Union Representative

**Date Submitted:** September 26, 2006

Notice is hereby given that a grievance procedure will begin concerning the matter given below.

**GRIEVANT:**   DuPont Employees Philadelphia Works Union, IBDW Local 1186

**STATEMENT OF GRIEVANCE:** On August 28, 2006 the Company announced changes to several of the Benefit Plans listed under Article XII, Section 1 and 3 of the Bargaining Agreement. These changes are set forth in the Company's announcement of the changes, as attached.

Article XII, Section 1 of the Bargaining Agreement states in part, "any change in the Industrial Relations Plans and Practices, which has the effect of reducing or terminating benefits will not be made effective until one (1) year after notice to the UNION by the COMPANY of such change".

There is no provision in the contract language, or in the plans themselves, which provides for one class of employees to be treated differently from another class of employees (new hires versus existing employees).

By making changes for employees hired beginning 1/1/07 that includes the following - (1) they will not participate in the pension plan; (2) they will not get a company subsidy for retiree healthcare or life insurance; (3) they will receive a maximum vacation benefit of five weeks; (4) they will be eligible to bank no more than three weeks of vacation; and (5) they will be able to purchase vacation only during the first ten years of employment - the Company is in violation of Article XII, Section 1 and 3 of the Agreement.

Moreover, by providing an additional SIP benefit in 2007 to the employees hired beginning 1/1/07, while not providing that benefit during 2007 to employees hired prior to that date, the Company is in violation of Article XII, Section 1.

Finally, by providing that effective 1/1/08 the pension benefit for existing employees (but not for employees hired beginning 1/1/07 who will receive no pension benefit) will continue but at a rate that is one third of its current level, the Company violated Article XII, Section 1.

Similarly, the declaration that the Company paid survivor benefit for existing employees (but, again, not for employees hired beginning 1/1/07 who will receive no survivor benefit) will not continue to grow with service or pay after December 31, 2007, is also a violation of Article XII, Section 1.

As a separate matter, by announcing these changes unilaterally, without having first bargained with the Union and without having reached a lawful impasse, the Company not only violated the above contractual language but also violated its duty to bargain under both the contract (including Article II, Section 1, 2 and 3) and the National Labor Relations Act.

The Union requests this grievance proceed directly to the Third Step.

We hereby acknowledge that an official Union Grievance exists as of the above date.

Union Representative  _David Gibson_  9/26/06

Management Representative  _Patricia L. Lister_  10/5/2006

---

### DUPONT EMPLOYEES
### PHILADELPHIA WORKS UNION

**EXHIBIT H**

FORM NLRB-501                                            FORM EXEMPT UNDER 44 U.S.C. 3512

UNITED STATES OF AMERICA

NATIONAL LABOR RELATIONS BOARD
**CHARGE AGAINST EMPLOYER**

| DO NOT WRITE IN THIS SPACE | |
|---|---|
| Case<br>3-CA-26125 | Date Filed<br>12/26/06 |

**INSTRUCTIONS:**

File an original and 4 copies of this charge with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.

| 1.   EMPLOYER AGAINST WHOM CHARGE IS BROUGHT | | |
|---|---|---|
| a. Name of Employer<br>E.I. duPont de Nemours & Company ( duPont Chemical Solutions Enterprise) | | b. Number of workers employed<br>165 |
| c. Address (street, city, state, ZIP code)<br>P.O. Box 787<br>Niagara Falls, NY  14302 | d. Employer Representative<br>Carol Sarazin | e. Telephone and Fax Nos.<br>Tel. 716-278-5372<br>Fax: 716-286-1913 |
| f. Type of Establishment (factory, mine, wholesaler, etc.)<br>factory | g. Identify principal product or service<br>Chemicals | |

h. The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of Section 8(a), subsections (1) and (list subsections) _____(5)_____ of the National Labor Relations Act, and these unfair labor practices are unfair practices affecting commerce within the meaning of the Act.

2. Basis of the Charge (set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)

Within the §10(b) period, the above-named employer violated  §§ 8(a)(1) and (5) of the Act by announcing as a *fait accompli* on August 28,2006, without prior notice and opportunity for bargaining, unilateral changes, effective January 1, 2007, in pension and retirement benefits, savings and investment plan benefits, retiree medical and dental benefits, retiree life insurance benefits, and vacation benefits for employees hired on or after January 1, 2007 as well as further unilateral changes, effective January 1, 2008, in pension and retirement benefits and savings and investment plan benefits for employees hired before January 1,2007.

A grievance relating to the subject matter of this charge has been filed and is currently pending in this parties' grievance and arbitration procedure.

By the above and other acts, the above-named employer has interfered with, restrained, and coerced employees in the exercise of the rights guaranteed in Section 7 of the Act.

3. Full name of party filing charge (if labor organization, give full name, including local name and number)
United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied-Industrial and Service Workers International Union, AFL-CIO/CLC, and United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied-Industrial and Service Workers International Union, Local Union 5025

| 4a. Address (street and number, city, state and ZIP code)<br><br>See Attachment | 4b. Telephone and Fax Nos.<br>Tel.<br>Fax:   See Attachment |
|---|---|

5. Full name of national or international labor organization of which it is an affiliate or constituent unit (to be filled in when charge is filed by a labor organization).
                                              Not Applicable

| 6. DECLARATION | | |
|---|---|---|
| I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief. | | |
| By  ___[signature]___<br>(Signature of representative or person making charge) | Richard J. Brean<br>[type name] | Senior Associate General Counsel<br>Title: |
| Address<br>Five Gateway Center, Room 807, Pittsburgh, PA 15222 | Fax: (412) 562-2574<br>Tel: (412) 562-2544 | Date:<br>December 22,2006 |

WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)

**EXHIBIT I**

FORM NLRB-501

FORM EXEMPT UNDER 44 U.S.C. 3512

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
**CHARGE AGAINST EMPLOYER**

| DO NOT WRITE IN THIS SPACE | |
| --- | --- |
| Case<br>3-CA-26180 | Date Filed<br>2/1/07 |

**INSTRUCTIONS**
File an original and 4 copies of this charge with NLRB Regional Director for
the region in which the alleged unfair labor practice occurred or is occurring.

### 1. EMPLOYER AGAINST WHOM CHARGE IS BROUGHT

| a. Name of Employer<br>E.I. duPont de Nemours & Company | | b. Number of workers employed<br>165 |
| --- | --- | --- |
| c. Address (street, city, state, ZIP code)<br>P.O. Box 787<br>Niagara Falls, NY 14302 | d. Employer Representative<br>Carol Sarazin | e. Telephone No.<br>716-278-5372<br>716-286-1913(fax) |
| f. Type of Establishment (factory, mine, wholesaler, etc.)<br>Factory | g. Identify principal product or service<br>Chemicals | |

h. The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of section 8(a),
   subsections (1) and (5) of the National Labor Relations Act.

2. Basis of the Charge (set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)

Within the §10(b) period, the above-named employer violated §§8(a)(1) and (5) of the Act by announcing as
a *fait accompli* on August 28, 2006, without prior notice and opportunity for bargaining, unilateral
changes, effective January 1, 2007, in pension and retirement benefits, savings and investment plan benefits,
retiree medical and dental benefits, retiree life insurance benefits, and vacation benefits for employees hired
on or after January 1, 2007 as well as further unilateral changes, effective January 1, 2008, in pension and
retirements benefits and savings and investment plan benfits for employees hired before January 1, 2007.

A grievance relating to the subject matter of this charge has been filed and is currently pending in this parties'
grievance and arbitration procedure.

By the above and other acts, the above-named employer has interfered with, restrained, and coerced
employees in the exercise of the rights guaranteed in Section 7 of the National Labor Relations Act.

3. Full name of party filing charge (if labor organization, give full name, including local name and number)
United Steel, Paper and Forestry, Rubber Manfuacturing, Energy, Allied-Industrial and Service Workers
International Union, AFL-CIO/CLC and United Steel, Paper and Forestry, Rubber Manfuacturing, Energy,
Allied-Industrial and Service Workers International Union, and its Local Union 5025

| 4a. Address (street and number, city, state and ZIP code)<br>See Attached | 4b. Telephone No.<br>see attached |
| --- | --- |

5. Full name of national or international labor organization of which it is an affiliate or constituent unit (to be filled in when charge is filed
   by a labor organization.
Not applicable

### 6. DECLARATION
I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief.

| By _(signature)_<br>Signature of representative or person making charge  Catherine Creighton | | Title Attorney |
| --- | --- | --- |
| Address<br>295 Main Street, Suite 560, Buffalo, New York 14203 | Telephone No.<br>716-854-0007 | Date<br>January 31, 2007 |

WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT
(U.S. CODE, TITLE 18, SECTION 1001)

**EXHIBIT J**

Jan 05 07 10:07a    DuPont                  856.540.3018          p.4
DEC-22-2006  10:20        USWA LEGAL                  4125622574      P.03/04

FORM NLRB-501

UNITED STATES OF AMERICA                          FORM EXEMPT UNDER 44 U.S.C. 3512

NATIONAL LABOR RELATIONS BOARD          DO NOT WRITE IN THIS SPACE
**CHARGE AGAINST EMPLOYER**

| Case | Date Filed |
|------|-----------|
| 4-CA-35097 | 12-22-06 |

INSTRUCTIONS:
File an original and 4 copies of this charge with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.

| 1. EMPLOYER AGAINST WHOM CHARGE IS BROUGHT |
|---|

| a. Name of Employer | b. Number of workers employed |
|---|---|
| E.I. duPont de Nemours & Company (Chambers Works) | 600 |

| c. Address (street, city, state, ZIP code) | d. Employer Representative | e. Telephone and Fax Nos. |
|---|---|---|
| Administration Building duPont Chambers Works Deepwater, NJ 08023 | Brian Collings | Tel 856-540-3984 Fax: 856-540-3018 |

| f. Type of Establishment (factory, mine, wholesaler, etc.) | g. Identify principal product or service |
|---|---|
| factory | Chemicals |

h. The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of Section 8(a), subsections (1) and (list subsections)     (5)     of the National Labor Relations Act, and these unfair labor practices are unfair practices affecting commerce within the meaning of the Act.

2. Basis of the Charge (set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)

Within the §10(b) period, the above-named employer violated §§ 8(a)(1) and (5) of the Act by announcing as a fait accompli on August 28,2006, without prior notice and opportunity for bargaining, unilateral changes, effective January 1, 2007, in pension and retirement benefits, savings and investment plan benefits, retiree medical and dental benefits, retiree life insurance benefits, and vacation benefits for P&M and O&C employees hired on or after January 1, 2007 as well as further unilateral changes, effective January 1, 2008, in pension and retirement benefits and savings and investment plan benefits for P&M and O&C employees hired before January 1,2007.

Grievances relating to subject matter of the charge have been filed and are currently pending in the parties' grievance and arbitration procedure.

By the above and other acts, the above-named employer has interfered with, restrained, and coerced employees in the exercise of the rights guaranteed in Section 7 of the Act.

| 3. Full name of party filing charge (if labor organization, give full name, including local name and number) |
|---|
| United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied-Industrial and Service Workers International Union, AFL-CIO/CLC, and United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied-Industrial and Service Workers International Union, Local Union 943. |

| 4a. Address (street and number, city, state and ZIP code) | 4b. Telephone and Fax Nos. |
|---|---|
| See Attachment | Tel. Fax:    See Attachment |

5. Full name of national or international labor organization of which it is an affiliate or constituent unit (to be filled in when charge is filed by a labor organization).

Not Applicable

| 6. DECLARATION |
|---|
| I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief. |

| By [signature] | Richard J. Brean | Senior Associate General Counsel |
|---|---|---|
| (Signature of representative or person making charge) | [type name] | Title: |

| Address | Fax (412) 562-2574 | Date: |
| Five Gateway Center, Room 807, Pittsburgh, PA 15222 | Tel: (412) 562-2544 | December 22,2006 |

WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)

**EXHIBIT K**

DEC-28-2006  11:56    ━━━━ ━━━━ ━━━━                                    P.02/03

FORM NLRB-501

FORM EXEMPT UNDER 44 U.S.C. 3512

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
## CHARGE AGAINST EMPLOYER

| DO NOT WRITE IN THIS SPACE |
|---|
| Case | Date Filed |
| 4-CA-35097 | 12-22-06 |

INSTRUCTIONS:

File an original and 4 copies of this charge with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.

### 1. EMPLOYER AGAINST WHOM CHARGE IS BROUGHT

| a. Name of Employer | b. Number of workers employed |
|---|---|
| duPont Performance Elastomers | 67 |

| c. Address (street, city, state, ZIP code) | d. Employer Representative | e. Telephone and Fax Nos. |
|---|---|---|
| duPont Performance Elastomers<br>duPont Chamber Works<br>Deepwater, NJ 08023 | Ken Williams | Tel. 856-540-4175<br>Fax: 856-540-2832 |

| f. Type of Establishment (factory, mine, wholesaler, etc.) | g. Identify principal product or service |
|---|---|
| factory | Chemicals |

h. The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of Section 8(a), subsections (1) and (list subsections) _____(5)_____ of the National Labor Relations Act, and these unfair labor practices are unfair practices affecting commerce within the meaning of the Act.

2. Basis of the Charge (set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)

Within the §10(b) period, the above-named employer violated §§ 8(a)(1) and (5) of the Act by announcing as a fait accompli on August 28, 2006, without prior notice and opportunity for bargaining, unilateral changes, effective January 1, 2007, in pension and retirement plan benefits, savings and investment plan benefits, retiree medical and dental benefits, retiree life insurance benefits, and vacation benefits for employees hired on or after January 1, 2007 as well as further unilateral changes, effective January 1, 2008, in pension and retirement benefits and savings and investment plan benefits for employees hired before January 1, 2007.

A grievance relating to the subject matter of this charge has been filed and is currently pending in the parties' grievance and arbitration procedure.

By the above and other acts, the above-named employer has interfered with, restrained, and coerced employees in the exercise of the rights guaranteed in Section 7 of the Act.

3. Full name of party filing charge (if labor organization, give full name, including local name and number)

United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied-Industrial and Service Workers International Union, AFL-CIO/CLC, and United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied-Industrial and Service Workers International Union, Local Union #43

| 4a. Address (street and number, city, state and ZIP code) | 4b. Telephone and Fax Nos. |
|---|---|
| See Attachment | Tel:<br>Fax: See Attachment |

5. Full name of national or international labor organization of which it is an affiliate or constituent unit (to be filled in when charge is filed by a labor organization)

Not Applicable

### 6. DECLARATION

I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief.

| By | Richard J. Brean | Senior Associate General Counsel |
|---|---|---|
| (Signature of representative or person making charge) | (type name) | Title: |

| Address | Fax: (412) 562-2574 | Date: |
|---|---|---|
| Five Gateway Center, Room 807, Pittsburgh, PA 15222 | Tel: (412) 562-2544 | December 22, 2006 |

WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)

DEC 22 2006 15:40                          4125622574                          PAGE.03

# EXHIBIT L

DEC.29.2006 ⁻¹¹1:50AM    DUPONT EDGE MOOR                    NO.930   P.3

FORM NLRB-501

FORM EXEMPT UNDER 44 U.S.C. 3512

UNITED STATES OF AMERICA

NATIONAL LABOR RELATIONS BOARD

## CHARGE AGAINST EMPLOYER

| DO NOT WRITE IN THIS SPACE | |
| --- | --- |
| Case<br>4-CA-35100 | Date Filed<br>12-27-06 |

**INSTRUCTIONS:**

File an original and 4 copies of this charge with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.

### 1. EMPLOYER AGAINST WHOM CHARGE IS BROUGHT

| a. Name of Employer<br>E.I. duPont de Nemours & Company (duPont Edgemoor Plant) | | b. Number of workers employed<br>125 |
| --- | --- | --- |
| c. Address (street, city, state, ZIP code)<br>104 Hay Road<br>Edgemoor, DE 19809 | d. Employer Representative<br>Frank B. Ingraham, Jr. | e. Telephone and Fax Nos.<br>Tel. 302-761-2247<br>Fax: |
| f. Type of Establishment (factory, mine, wholesaler, etc.)<br>factory | g. Identify principal product or service<br>Chemicals | |

h. The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of Section 8(a), subsections (1) and (list subsection(s) ____ (5) ____ of the National Labor Relations Act, and these unfair labor practices are unfair practices affecting commerce within the meaning of the Act.

2. Basis of the Charge (set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)

Within the §10(b) period, the above-named employer violated §§ 8(a)(1) and (5) of the Act by announcing as a *fait accompli* on August 28,2006, without prior notice and opportunity for bargaining, unilateral changes, effective January 1, 2007, in pension and retirement benefits, savings and investment plan benefits, retiree medical and dental benefits, retiree life insurance benefits, and vacation benefits for employees hired on or after January 1, 2007 as well as further unilateral changes, effective January 1, 2008, in pension and retirement benefits and savings and investment plan benefits for employees hired before January 1,2007.

A grievance relating to the subject matter of this charge has been filed and is currently pending in the parties' grievance and arbitration procedure.

By the above and other acts, the above-named employer has interfered with, restrained, and coerced employees in the exercise of the rights guaranteed in Section 7 of the Act.

3. Full name of party filing charge (if labor organization, give full name, including local name and number)
United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied-Industrial and Service Workers International Union, AFL-CIO/CLC, and United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied-Industrial and Service Workers International Union, Local Union 4-786

| 4a. Address (street and number, city, state and ZIP code)<br><br>See Attachment | 4b. Telephone and Fax Nos.<br>Tel.<br>Fax:    See Attachment |
| --- | --- |

5. Full name of national or international labor organization of which it is an affiliate or constituent unit (to be filled in when charge is filed by a labor organization).

Not Applicable

### 6. DECLARATION

I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief.

| By _____(signature)_____<br>(Signature of representative or person making charge) | Richard J. Brean<br>[type name] | Senior Associate General Counsel<br>Title: |
| --- | --- | --- |

| Address<br>Five Gateway Center, Room 807, Pittsburgh, PA 15222 | Fax: (412) 562-2574<br>Tel: (412) 562-2644 | Date:<br>December 26,2006 |
| --- | --- | --- |

WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)

**EXHIBIT M**

DEJAN. 2.2007 11:12:13AM     HUMAN RESOURCES     NO. 842   P.5
FORM NLRB-501

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
**CHARGE AGAINST EMPLOYER**

| FORM EXEMPT UNDER 44 U.S.C. 3512 |
|---|
| DO NOT WRITE IN THIS SPACE |

| Case | Date Filed |
|---|---|
| 3-CA-26117 | 12/22/06 |

**INSTRUCTIONS:**
File an original and 4 copies of this charge with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.

## 1. EMPLOYER AGAINST WHOM CHARGE IS BROUGHT

| a. Name of Employer | | b. Number of workers employed |
|---|---|---|
| E.I. duPont de Nemours & Company (Yerkes Plant) | | 425 |

| c. Address (street, city, state, ZIP code) | d. Employer Representative | e. Telephone and Fax Nos. |
|---|---|---|
| P.O. Box 88 Buffalo, NY 14207 | Debbie Whalen | Tel. 716-879-4502 Fax 716-879-4092 |

| f. Type of Establishment (factory, mine, wholesaler, etc.) | g. Identify principal product or service |
|---|---|
| factory | Chemicals |

h. The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of Section 8(a), subsections (1) and (list subsections) _____ (5) _____ of the National Labor Relations Act, and these unfair labor practices are unfair practices affecting commerce within the meaning of the Act.

2. Basis of the Charge (set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)

Within the §10(b) period, the above-named employer violated §§ 8(a)(1) and (5) of the Act by announcing as a fait accompli on August 28,2006, without prior notice and opportunity for bargaining, unilateral changes, effective January 1, 2007, in medical and retirement benefits, savings and investment plan benefits, retiree medical and dental benefits, retiree life insurance benefits, and vacation benefits for employees hired on or after January 1, 2007 as well as further unilateral changes, effective January 1, 2008, in pension and retirement benefits and savings and investment plan benefits for employees hired before January 1,2007.

By the above and other acts, the above-named employer has interfered with, restrained, and coerced employees in the exercise of the rights guaranteed in Section 7 of the Act.

3. Full name of party filing charge (if labor organization, give full name, including local name and number) United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied-Industrial and Service Workers International Union, AFL-CIO/CLC, and United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied-Industrial and Service Workers International Union, Local Union 6992

| 4a. Address (street and number, city, state and ZIP code) | 4b. Telephone and Fax Nos. |
|---|---|
| See Attachment | Tel. Fax: See Attachment |

5. Full name of national or international labor organization of which it is an affiliate or constituent unit (to be filled in when charge is filed by a labor organization).

Not Applicable

## 6. DECLARATION

I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief.

| By | Richard J. Brean | Senior Associate General Counsel |
|---|---|---|
| (Signature of representative or person making charge) | (Type name) | Title: |

| Address: Five Gateway Center, Room 807, Pittsburgh, PA 15222 | Fax: (412) 562-2574 Tel: (412) 562-2544 | Date: December 22,2006 |
|---|---|---|

WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)

**EXHIBIT N**

FEB-28-2007  15:37        NLRB REG 3 BUFFALO                716 551 4972    P.02/03

FORM NLRB-501

FORM EXEMPT UNDER 44 U.S.C. 3512

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
## CHARGE AGAINST EMPLOYER

DO NOT WRITE IN THIS SPACE

| Case | Date Filed |
|------|------------|
| 3-CA-26181 | 2/1/07 |

**INSTRUCTIONS**
File an original and 4 copies of this charge with NLRB Regional Director for
the region in which the alleged unfair labor practice occurred or is occurring.

### 1. EMPLOYER AGAINST WHOM CHARGE IS BROUGHT

a. Name of Employer
E.I. duPont Nemours & Company (Yerkes Plant)

b. Number of workers employed
425

c. Address (street, city, state, ZIP code)
P.O. Box 88
Buffalo, NY 14207

d. Employer Representative
Debbie Whalen

e. Telephone No.
716-879-4502
716-879-4092 (fax)

f. Type of Establishment (factory, mine, wholesaler, etc.)
Factory

g. Identify principal product or service
Chemicals

h. The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of section 8(a).
subsections (1) and (5) of the National Labor Relations Act.

2. Basis of the Charge (set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)

Within the §10(b) period, the above-named employer violated §§ 8(a)(1) and (5) of the Act by announcing as
a *fait accompli* on August 28, 2006, without prior notice and opportunity to bargain, unilateral changes,
effective January 1, 2007, in pension and retirement benefits, savings and investment plan benefits, retiree
medical and dental benefits, retiree life insurance benefits and vacation benefits for employees hired on or
after January 1, 2007 as well as further unilateral changes, effective January 1, 2008 in pension and retirement
benefits and savings and investment plan benefits for employees hired before January 1, 2007.

By the above and other acts, the above-named employer has interfered with, restrained, and coerced
employees in the exercise of the rights guaranteed in Section 7 of the National Labor Relations Act.

3. Full name of party filing charge (if labor organization, give full name, including local name and number)
United Steel, Paper and Forestry, Rubber Manufacturing, Energy, Allied-Industrial and Service Workers International Union, AFL-
CIO/CLC and United Steel, Paper and Forestry, Rubber Manufacturing, Energy, Allied-Industrial and Service Workers
International Union, and its Local Union 6992

4a. Address (street and number, city, state and ZIP code)
See Attached

4b. Telephone No.
see attached

Fax see attached

5. Full name of national or international labor organization of which it is an affiliate or constituent unit (to be filled in when charge is filed
by a labor organization.
Not applicable.

### 6. DECLARATION

I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief.

By _(signature)_

Signature of representative or person making charge  Catherine Creighton

Title  Attorney

Address
295 Main Street, Suite 560, Buffalo, NY 14203

Telephone No.
716-854-0007

Date
January 31, 2007

WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT
(U.S. CODE, TITLE 18, SECTION 1001)

**EXHIBIT O**

PO : 1984 O - 435-440
GRU NLRB-501
(6-82)

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>**NATIONAL LABOR RELATIONS BOARD**<br>**CHARGE AGAINST EMPLOYER** | FORM EXEMPT UNDER 44 USC 3512<br>**DO NOT WRITE IN THIS SPACE**<br>Case 9-CA-43474 / Date Filed FEB 26, 2007 |

INSTRUCTIONS: File an original and 4 copies of this charge with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.

**1. EMPLOYER AGAINST WHOM CHARGE IS BROUGHT**

| a. Name of Employer | b. Number of workers employed |
|---|---|
| E.I. Dupont DeNemours & Co. – Louisville Works | Approx. 320 |

| c. Address (street, city, state, ZIP code) | d. Employer Representative | e. Telephone No |
|---|---|---|
| 4200 Campground Road, Louisville, KY 40216 | Brenda Kelsey | 502-775-3232 |

| f. Type of Establishment (factory, mine, wholesaler, etc.) | g. Identify principal product or service |
|---|---|
| Manufacturing | Neoprene |

The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of section 8(a), subsections (1) and (list subsections) **(5)** of the National Labor Relations Act, and these unfair labor practices are unfair practices affecting commerce within the meaning of the Act.

Basis of the Charge (be specific as to facts, names, addresses, plants involved, dates, places, etc.)

On or about August 28, 2006, the above named employer, by its officers and agents, announced changes to various of its benefit plans, including but not limited to, its savings and investment plan, its pension and retirement plan, its life insurance plan, its medical plan, its dental plan, and its vacation plan, without first engaging in good faith bargaining and without reaching a lawful impasse with the Union. By these and other related actions, the employer violated its obligations under Sections 8(a)(1) and (5) of the Act.

By the above and other acts, the above-named employer has interfered with, restrained, and coerced employees in the exercise of the rights guaranteed in Section 7 of the Act.

| 3. Full name of party filing charge (if labor organization, give full name, including local name and number) |
|---|
| United Steelworkers International Union, Local 5-2002 |

| 4a. Address (street and number, city, state, and ZIP code) | 4b. Telephone No. |
|---|---|
| P.O. Box 16333, Louisville, KY 40256-0333 | 502-553-5235 |

5. Full name of national or international labor organization of which it is an affiliate or constituent unit (to be filled in when charge is filed by a labor organization)

**6. DECLARATION**

I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief.

| Kenneth Henley *(signature)* | Attorney |
|---|---|
| (signature of representative or person making charge) | (title if any) |
| Address: One Bala Avenue, Suite 500, Bala Cynwyd, PA 19004 | 610-664-6130 |
| | (Telephone No.) | 2/26/07 (date) |

WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED...

**EXHIBIT P**

MAR-27-2007 14:11   NLRB REGION 9   513 684 3946   P.02

FO : 1983 O · 435-440                                                 FORM EXEMPT UNDER 44 U.S.C 3512
3RU NLRB 501
(8-83)
UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
CHARGE AGAINST EMPLOYER

**DO NOT WRITE IN THIS SPACE**

| Case | Date Filed |
|------|-----------|
| 9-CA-43473 | FEB 26, 2007 |

INSTRUCTIONS: File an original and 4 copies of this charge with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.

**1. EMPLOYER AGAINST WHOM CHARGE IS BROUGHT**

Name of Employer
Dupont Performance Elastomers – Louisville Works

b. Number of workers employed
Approx. 320

Address (street, city, state, ZIP code)
4242 Campground Road   Louisville, KY 40216

d. Employer Representative
Jim Turner

e. Telephone No.
502-569-3252

Type of Establishment (factory, mine, wholesaler, etc.)
Manufacturing

g. Identify principal product or service
Neoprene

The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of section 8(a), subsections (1) and (list subsections) (5) of the National Labor Relations Act, and these unfair labor practices are unfair practices affecting commerce within the meaning of the Act.

Basis of the Charge (be specific as to facts, names, addresses, plants involved, dates, places, etc.)

On or about August 28, 2006, the above named employer, by its officers and agents, announced changes to various of its benefit plans, including but not limited to, its savings and investment plan, its pension and retirement plan, its life insurance plan, its medical plan, its dental plan, and its vacation plan, without first engaging in good faith bargaining and without reaching a lawful impasse with the Union. By these and other related actions, the employer violated its obligations under Sections 8(a)(1) and (5) of the Act.

By the above and other acts, the above-named employer has interfered with, restrained, and coerced employees in the exercise of the rights guaranteed in Section 7 of the Act

Full name of party filing charge (if labor organization, give full name, including local name and number)
United Steelworkers International Union, Local 5-2002

Address (street and number, city, state, and ZIP code)
P.O. Box 16333, Louisville, KY 40256-0333

4b. Telephone No.
502-553-5235

Full name of national or international labor organization of which it is an affiliate or constituent unit (to be filled in when charge is filed by a labor organization)

**6. DECLARATION**
I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief.

Kenneth Henley
Signature of representative or person making charge

Attorney

Address  One Bala Avenue, Suite 500, Bala Cynwyd, PA 19004   610-664-6130   (title if any)  2/26/07

PAGE 2/2 * RCVD AT 3/27/2007 2:11:11 PM [Eastern Daylight Time] * SVR:DCNTFAX01/0 * DNIS:6285116 * CSID:513 684 3946 * DURATION (mm-ss):01-24  TOTAL P.02

**EXHIBIT Q**

MAR. 1. 2007 10:44AM     DUPONT LEGAL HENLEY                     NO. 338    P. 4    P. 3

**UNITED STATES OF AMERICA**
**NATIONAL LABOR RELATIONS BOARD**
**CHARGE AGAINST EMPLOYER**

DO NOT WRITE IN THIS SPACE

| Case | Date Filed |
|------|-----------|
| 4-CA-35172 | 2-20-07 |

FORM EXEMPT UNDER 44 USC 3512

INSTRUCTIONS: File an original and 4 copies of this charge with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.

## 1. EMPLOYER AGAINST WHOM CHARGE IS BROUGHT

| a. Name of Employer | | b. Number of workers employed |
|---|---|---|
| E.I. Dupont DeNemours & Co. | | Approx. 500 |

| c. Address (street, city, state, ZIP code) | d. Employer Representative | e. Telephone No. |
|---|---|---|
| 3401 Grays Ferry Avenue, Philadelphia PA 19146 | James Coughlin | 215-539-6037 |

| f. Type of Establishment (factory, mine, wholesaler, etc.) | g. Identify principal product or service |
|---|---|
| Laboratory | Research and Development |

h. The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of section 8(a), subsections (1) *(list subsections)* (5) of the National Labor Relations Act, and these unfair labor practices are unfair practices affecting commerce within the meaning of the Act.

2. Basis of the Charge (be specific as to facts, names, addresses, plants involved, dates, places, etc.)

On or about August 28, 2006, the above named employer, by its officers and agents, announced changes to various of its benefit plans, including but not limited to, its savings and investment plan, its pension and retirement plan, its life insurance plan, its medical plan, its dental plan, and its vacation plan, without first engaging in good faith bargaining and without reaching a lawful impasse with the Union. By these and other related actions, the employer violated its obligations under Sections 8(a)(1) and (5) of the Act.

By the above and other acts, the above named employer has interfered with, restrained, and coerced employees in the exercise of the rights guaranteed in Section 7 of the Act.

3. Full name of party filing charge (if labor organization, give full name, including local name and number)
Philadelphia Works Union, Local 1186

| 4a. Address (street and number, city, state, and ZIP code) | 4b. Telephone No. |
|---|---|
| Dave Gibson, President, Philadelphia Works Union, Local 1186, Dupont Marshall Lab, 3500 Grays Ferry Ave., Philadelphia PA 19146 | 215-539-6261 |

5. Full name of national or international labor organization of which it is an affiliate or constituent unit (to be filled in when charge is filed by a labor organization)
International Brotherhood of Dupont Workers

## 6. DECLARATION

I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief.

| Kenneth Henley *(signature)* | Attorney |
|---|---|
| *(signature of representative or person making charge)* | *(title if any)* |
| Address — One Bala Avenue, Suite 500, Bala Cynwyd, PA 19004. | 610-664-6130 *(Telephone No.)* | 2/19/07 *(date)* |

WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT
(U. S. CODE, TITLE 18, SECTION 1001)

**EXHIBIT R**

Feb 15 07 06:04p    KENNETH HENLEY                610-664-3404                P.3

| UNITED STATES OF AMERICA NATIONAL LABOR RELATIONS BOARD CHARGE AGAINST EMPLOYER | DO NOT WRITE IN THIS SPACE | |
|---|---|---|
| | Case 5-CA-33461 | Date Filed 2/16/07 |

INSTRUCTIONS: File an original and 4 copies of this charge with NLRB Regional Director for the region in which the alleged unfair labor practice is occurring.

1. EMPLOYER AGAINST WHOM CHARGE IS BROUGHT

| a. Name of Employer | | b. Number of workers employed |
|---|---|---|
| E. I. DuPont DeNemours & Co. | | Approx. 1500 |

| c. Address (street, city, state, ZIP code) P. O. Box 27001, Richmond, VA 23261 | d. Employer Representative John Strait, Plant Manager | e. Telephone No. 804-383-2698 |

| f. Type of Establishment (factory, mine, wholesaler, etc.) factory | g. Identify principal product or service Fiber |

The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of section 8(a), subsections (1) and (5) of the National Labor Relations Act, and these unfair labor practices are unfair practices affecting commerce within the meaning of the Act.

2. Basis of the Charge (be specific as to facts, names, addresses, plants involved, dates, places, etc.)

On or about August 28, 2006, the above named employer, by its officers and agents, announced changes to various of its benefit plans, including but not limited to, its savings and investment plan, its pension and retirement plan, its life insurance plan, its medical plan, its dental plan, and its vacation plan, without first engaging in good faith bargaining and without reaching a lawful impasse with the Union. By these and other related actions, the employer violated its obligations under Sections 8(a)(1) and (5) of the Act.

3. By the above and other acts, the above-named employer has interfered with, restrained, and coerced employees in the exercise of the rights guaranteed in Section 7 of the Act.

4. Name of labor organization or person making charge (if labor org., give full name, including local name and number)
Ampthill Rayon Workers, Inc., Local 992

5. Address (street and number, city, state, ZIP code)
5722 Hopkins Road, Richmond VA 23234

| 6a. Telephone No. 804-383-4477 |

6. Full name of national or international labor organization of which it is an affiliate or constituent unit (to be filled in when charge is filed by a labor organization)
International Brotherhood of DuPont Workers

7. DECLARATION

I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief.

By _Ket Hy_ Kenneth Henley                Attorney

Oak Hill Avenue, Suite 500, Bala Cynwyd, PA 19004      610-664-6130     Date 2/15/07