IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS, INTERNATIONAL UNION, AFL-CIO-CLC, and UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS LOCAL 4-786, <br><br> Plaintiffs, <br><br> v. <br><br> E. I . DUPONT DE NEMOURS AND COMPANY, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) C.A. No. 07-126 (JJF) ) ) ) ) ) ) |

**PLAINTIFFS' MOTION TO STRIKE PORTION OF DECLARATION OF MARY JO ANDERSON**

Plaintiffs United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied-Industrial and Service Workers International Union and its Local Union 4-786 (together, "Plaintiffs") move to strike paragraph 30 of the Declaration of Mary Jo Anderson ("Anderson Declaration"), submitted by Defendant E.I. DuPont de Nemours and Company ("DuPont") in support of DuPont's Motion for Summary Judgment, because that paragraph consists entirely of statements that are inadmissible under Fed. R. Civ. P. 56(e).[1]

Paragraph 30 of the Anderson Declaration states:

---

[1] "A motion to strike is the correct vehicle to challenge materials submitted in connection with a summary judgment motion." *Pokorne v. Gary*, 281 F. Supp. 2d 416, 418 (D.Conn. 2003); *see also In re Unisys Sav. Plan Litig.*, 74 F.3d 420, 437 n.12 (3d Cir. 1996); *DeCintio v. Westchester County Med. Ctr.*, 821 F.2d 111, 114 (2d Cir. 1987); 10B Wright, Miller, & Kane, Federal Practice & Procedure § 2738 n.51 and accompanying text (3d ed. 1998).

>Historically, DuPont has been willing to permit its unionized employees to participate in the benefit plans it sponsors and administers for all its U.S. employees, subject to the terms of the plans themselves, on the condition that DuPont remained free to modify the plans at its discretion. This understanding is memorialized in the collective bargaining agreement between DuPont and the Union, in a contract provision entitled 'Industrial Relations Plans and Practices' ('IRP&P'). An IRP&P provision similar to the one contained in the Union collective bargaining agreement is contained in every other collective bargaining agreement to which DuPont is a party.

Those averments do not satisfy Rule 56(e)'s requirements that declarations filed in support of a motion for summary judgment "set forth such facts as would be admissible in evidence." Fed. R. Civ. P. 56(e).

1.  Paragraph 30 is not relevant to any question presented by the pending motions, and hence is inadmissible under Fed. R. Evid. 402. It constitutes an attempt to argue the meaning of the Industrial Relations Plans and Practices ("IRP&P") Article of the collective bargaining agreement ("CBA") between Local 4-786 and DuPont, but the question whether that Article imposes restrictions on DuPont's ability to amend or withdraw its benefits plans, as the Local Union's grievance alleges, or instead gives DuPont free rein to change its plans at will, as Ms. Anderson asserts in Paragraph 30 of her declaration, is not a question for the Court to decide. Rather, it goes to the merits of the grievance, which is a matter reserved to the arbitrator and is not to be addressed by a court in determining whether to require arbitration. *See* Plaintiffs' Answering Brief in Opposition to Defendant's Motion for Summary Judgment at 8-11; *AT&T Techs. v. Communications Workers of Am.*, 475 U.S. 643, 650 (1986).

2.  Even if the meaning of the IRP&P Article were before the Court for decision, Paragraph 30 still would be inadmissible. The first sentence of the paragraph is simply an assertion about DuPont's own state of mind concerning the conditions under which it alleges that it agreed to provide benefit plans to its unionized employees. Such evidence regarding one

party's "unilateral understanding . . . prove[s] nothing." *Over the Road Drivers, Inc. v. Transport Ins. Co.*, 637 F.2d 816, 819 (1st Cir. 1980).[2]

The second sentence of Paragraph 30, which asserts that DuPont's professed "understanding" of its rights "is memorialized in the collective bargaining agreement between DuPont and the Union," is entirely conclusory and bereft of statements of *fact*. It therefore is inadmissible. *See supra* note 2. Furthermore, in purporting to state the meaning of a provision in the CBA, that sentence sets out a legal conclusion, not a fact; and legal conclusions are not proper subjects for summary judgment affidavits. 11 Moore's Federal Practice 3d. § 56.14[1][d] n. 43 and accompanying text. *See Seal Tite Corp. v. Ehret, Inc.*, 589 F. Supp. 701, 705-06 (D.N.J. 1984) ("opinions and beliefs as to the meaning of [a contract] clause" cannot be considered as summary judgment evidence); *Larouche v. Webster*, 175 F.R.D. 452, 457 (S.D.N.Y. 1996) (court "committed clear error by failing to strike [a statement in a summary judgment affidavit which] asserts a legal conclusion").

---

[2] Paragraph 30 could not be admitted as evidence of a *mutual* understanding regarding DuPont's rights and responsibilities, because the declaration contains no facts about "conduct or communication between the contracting parties," and thus is entirely "conclusory" on that point. *Industrial Risk Insurers v. Creole Prod. Servs., Inc.*, 568 F. Supp. 1323, 1325 (D. Alaska 1983), *aff'd*, 746 F.2d 526 (9th Cir. 1984). As the First Circuit said in *Over the Road Drivers*, an affidavit containing "no hint of any conduct or communications on the part of [other party] that would have manifested . . . 'understandings' or 'intentions' such as the ones described . . . do[es] not go beyond the sort of unsupported assertions more appropriately confined to the pleadings," 637 F.2d at 819, and consequently such averments cannot support a motion for summary judgment, *id. See also Maryland Cas. Co. v. W.R. Grace & Co.*, 794 F. Supp. 1206, 1229 (S.D.N.Y. 1991), *rev'd on other grounds*, 23 F.3d 617 (2d Cir. 1993) (affidavit about the "intent" of a contract provision is "too conclusory and thus insufficient under Rule 56(e)"); 11 Moore's Federal Practice 3d § 56.14 [1][d] (affidavits or declarations which contain "nothing more than conclusory allegations or speculation," and those which "proffer legal conclusions supporting movant's position, but are not buttressed with factual support," do not comply with Rule 56(e)); *Maldonado v. Ramirez*, 757 F.2d 48, 51 (3d Cir. 1985) (conclusory affidavit is inadequate to support motion for summary judgment).

In sum, paragraph 30 of the Anderson Declaration does not contain any assertions that are relevant to the matters before the Court, and in any event that paragraph merely declares DuPont's unilateral position on certain legal issues, without providing any facts regarding any *mutual* understandings of the parties. For these reasons, Paragraph 30 of the Anderson Declaration should be stricken.

        Respectfully submitted,

*/s/ Susan E. Kaufman*_____
SUSAN E. KAUFMAN (DSB # 3381)
Heiman, Gouge & Kaufman, L.L.P.
800 King Street, Suite 303
P.O. Box 1674
Wilmington, DE 19801
Telephone: (302) 658-1800/Facsimile: (302) 658-1473
skaufman@hgkde.com

and

JEREMIAH A. COLLINS
JENNIFER L. HUNTER
Bredhoff & Kaiser, P.L.L.C.
805 Fifteenth St., NW
Washington, D.C. 20005
Telephone: (202) 842-2600/ Facsimile: (202) 842-1888
jcollins@bredhoff.com
jhunter@bredhoff.com

*Counsel for Plaintiffs United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied-Industrial and Service Workers International Union* and *United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied-Industrial and Service Workers Local 4-786*

DATED: August 24, 2007

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS, INTERNATIONAL UNION, AFL-CIO-CLC, and UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS LOCAL 4-786,<br><br>           Plaintiffs,<br>v.<br><br>E.I. DuPONT de NEMOURS and COMPANY,<br><br>           Defendant. | C.A. No. 07-126 (JJF) |

**CERTIFICATE OF SERVICE**

I hereby certify that on August 24, 2007, I electronically filed the **PLAINTIFFS' MOTION TO STRIKE PORTION OF DECLARATION OF MARY JO ANDERSON** with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

    Kathleen F. McDonough, Esquire
    Potter, Anderson & Corroon, LLP
    1313 North Market Street
    Wilmington, DE 19899

    I hereby certify that on August 24, 2007, I have mailed by United States Postal Service, the document(s) to the following non-registered participants:

    Thomas P. Gies, Esquire
    Crowell & Moring LLP
    1001 Pennsylvania Avenue, NW
    Washington, DC 20004-2595

                            */s/ Susan E. Kaufman*
                            Heiman, Gouge & Kaufman, LLP
                            800 King Street, Suite 303
                            Wilmington, DE  19801
                            302-658-1800
                            skaufman@hgkde.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| UNITED STEEL, PAPER AND FORESTRY, )<br>RUBBER, MANUFACTURING, ENERGY, )<br>ALLIED INDUSTRIAL AND SERVICE )<br>WORKERS, INTERNATIONAL UNION, )<br>AFL-CIO-CLC, and UNITED STEEL, PAPER )<br>AND FORESTRY, RUBBER, MANUFACTURING, )<br>ENERGY, ALLIED INDUSTRIAL AND SERVICE )<br>WORKERS LOCAL 4-786, )<br>　　　　　)<br>　　Plaintiffs, )<br>　　　　　)<br>v. 　　　　　) C.A. No. 07-126 (JJF)<br>　　　　　)<br>E. I . DUPONT DE NEMOURS AND )<br>COMPANY, )<br>　　　　　)<br>　　Defendant. ) | |

**PROPOSED ORDER**

It is hereby ORDERED that Plaintiff's Motion to Strike Portion of Declaration of Mary Jo Anderson is GRANTED, and paragraph 30 of that Declaration is stricken.

Dated this the _____ day of _____, 2007.

                                           _____
                                           The Honorable Joseph J. Farnan, Jr.