IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS, INTERNATIONAL UNION, AFL-CIO-CLC, and UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS LOCAL 4-786, <br><br> Plaintiffs, <br><br> v. <br><br> E. I. DU PONT DE NEMOURS AND COMPANY, <br><br> Defendant. | C.A. No. 07-126 (JJF) |

**DEFENDANT E. I. DUPONT DE NEMOURS AND COMPANY'S
ANSWERING BRIEF IN OPPOSITION TO PLAINTIFFS'
MOTION TO STRIKE PORTIONS OF DECLARATION OF MARY JO ANDERSON**

Defendant E. I. du Pont de Nemours & Company ("DuPont"), through its undersigned counsel, hereby responds to Plaintiffs' Motion to Strike Portion of Declaration of Mary Jo Anderson ("Motion to Strike").

As a procedural matter, the Court need not rule upon Plaintiffs' Motion to Strike because it has no bearing on the dispute before the Court. Plaintiffs United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied-Industrial and Service Workers, International Union ("USW") and USW Local Union 4-786 ("Local 4-786") filed their Motion to Strike in conjunction with their Answering Brief in Opposition to Defendant's Motion for Summary Judgment ("Answering Brief"). In their Answering Brief, Plaintiffs argued that DuPont was improperly asking the Court to interpret the parties' collective bargaining agreement and issue a

substantive ruling on the merits of Local 4-786's grievance, rather than determine whether the grievance is arbitrable. *See* Local 4-786 Answering Brief at 2, 5-6, 8-11. In support of that argument, Plaintiffs objected to, and filed their Motion to Strike, paragraph 30 of the Declaration of Mary Jo Anderson submitted by DuPont. *Id.* at 4, n.3. Paragraph 30 describes the Industrial Relations Plans and Practices ("IRP&P") provision contained in the parties' collective bargaining agreement and how it has operated historically. As made clear in its recently filed Reply Memorandum, DuPont is not seeking a determination of the parties' dispute on the merits. *See* DuPont Reply at 4-6. As a result, there is no need for the Court to rule on Plaintiffs' Motion to Strike.

Alternatively, Plaintiffs' Motion to Strike should be denied on the merits. Plaintiffs contend that paragraph 30 of Ms. Anderson's declaration is inadmissible because it is conclusory and "bereft of statements of *fact*." *See* Motion to Strike, at 3-4. Plaintiffs are incorrect. Paragraph 30 of Ms. Anderson's declaration contains admissible statements of fact, made on personal knowledge. It states:

> Historically, DuPont has been willing to permit its unionized employees to participate in the benefit plans it sponsors and administers for all its U.S. employees, subject to the terms of the plans themselves, on the condition that DuPont remained free to modify the plans at its discretion. This understanding is memorialized in the collective bargaining agreement between DuPont and the Union, in a contract provision entitled "Industrial Relations Plans and Practices" ("IRP&P"). An IRP&P provision similar to the one contained in the Union collective bargaining agreement is contained in every other collective bargaining agreement to which DuPont is a party.

It is clear that Paragraph 30, on its face, contains statements of *fact* concerning the adoption of the IRP&P language and the historical context in which the provision was created. And, it is likewise clear that Ms. Anderson is in a position to testify to the facts contained in

paragraph 30. As her Declaration makes clear, Ms. Anderson has worked in DuPont's Legal Department for more than 30 years, since 1972, and she is responsible for handling legal issues relating to DuPont's benefit plans and ensuring that DuPont complies with the requirements imposed by the Employee Retirement Income Security Act of 1974 ("ERISA"). Decl. ¶ 1. Accordingly, Ms. Anderson is in a position to offer probative evidence concerning the facts associated with DuPont's historical practice of permitting unionized employees to participate in DuPont's nationwide benefit plans, as well as the conditions that were placed upon participation in such plans. *See, e.g., Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999, 1018 (1990) (knowledge concerning the company's "fears" and knowledge about the intent of contracting parties can be inferred from the positions held by the affiants and the nature of their participation in the matters at issue). While Plaintiffs may not like the historical facts set forth in Ms. Anderson's Declaration, that does not render those facts inadmissible.[1] *See e.g., Gilleland v. Schanhals*, 55 Fed.Appx. 257, 261 (6th Cir. 2003) (affidavit containing averment on party's motivations for entering into a contract admissible); *In re Kaypro*, 218 F.3d 1070 (9th Cir. 2000)

---

[1] Plaintiffs filed a Declaration from James Briggs in response to Ms. Anderson's Declaration. Mr. Briggs states that based on his "experience in collective bargaining between USW's local unions and DuPont, it has never been the understanding of the USW or its local unions that DuPont was free to withdraw or amend the benefit plans offered to USW members at DuPont's discretion" and that it has not been "the understanding of USW or its local unions that the Industrial Relations Plans and Practices Articles in the CBAs between the unions and DuPont 'memorialize' any understanding that DuPont is free to change its benefit plans at DuPont's discretion." Briggs' Decl. ¶¶ 4-5. Unlike Ms. Anderson, Mr. Briggs fails to specify any time frame relating to his "experience in collective bargaining between USW's local union and DuPont." The reason is clear. The fact is DuPont first negotiated the terms of the IRP&P language that appears in the parties' contract with the USW's predecessor unions at various facilities, including the Edgmoor plant, decades before Mr. Briggs had any involvement in any contract negotiations with DuPont.

3

(declarant's testimony regarding a company's ordinary business practices and their compliance with industry standards admissible).

## CONCLUSION

For the reasons stated above DuPont respectfully request that Plaintiffs' Motion to Strike Portion of Declaration of Mary Jo Anderson be denied.

        POTTER ANDERSON & CORROON LLP

        By: */s/ Kathleen Furey McDonough*
           Kathleen Furey McDonough (#2395)
           Sarah E. DiLuzio (#4085)
           1313 North Market Street
           Hercules Plaza, 6th Floor
           Wilmington, DE 19801
           (302) 984-6000
           kmcdonough@potteranderson.com
           sdiluzio@potteranderson.com

           Thomas P. Gies
           Kris D. Meade
           Jennifer G. Knight
           Crowell & Moring LLP
           1001 Pennsylvania Avenue, N.W.
           Washington, D.C. 20004-2595
           (202) 624-2500

        *Attorneys for Defendant E. I. du Pont de Nemours and Company*

Dated: September 13, 2007
818533

## CERTIFICATE OF SERVICE

I hereby certify this 13th day of September that the foregoing was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the following counsel of record that the document is available for viewing and downloading from CM/ECF:

Susan E. Kaufman
HEIMAN, GOUGE & KAUFMAN, LLP
800 King Street
Suite 303
Wilmington, DE 19801

/s/ Kathleen Furey McDonough
Kathleen Furey McDonough (#2395)
POTTER ANDERSON & CORROON LLP
1313 North Market Street
Hercules Plaza, 6th Floor
Wilmington, DE 19801
(302) 984-6000
kmcdonough@potteranderson.com