IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS, INTERNATIONAL UNION, AFL-CIO-CLC, and UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS LOCAL 4-786,<br><br>　　　Plaintiffs,<br><br>v.<br><br>E. I . DUPONT DE NEMOURS AND COMPANY,<br><br>　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) C.A. No. 07-126 (JJF)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO STRIKE PORTION OF DECLARATION OF MARY JO ANDERSON**

In its Answering Brief in Opposition to Plaintiff's Motion to Strike Portion of Declaration of Mary Jo Anderson ("Opposition"), DuPont fails to demonstrate that paragraph 30 of the Anderson Declaration is relevant, or that it contains factual evidence, such that it would be admissible under Fed. R. Civ. P. 56(e).[1]

---

[1] Paragraph 30 of the Anderson Declaration states:

Historically, DuPont has been willing to permit its unionized employees to participate in the benefit plans it sponsors and administers for all its U.S. employees, subject to the terms of the plans themselves, on the condition that DuPont remained free to modify the plans at its discretion. This understanding is memorialized in the collective bargaining agreement between DuPont and the Union, in a contract provision entitled "Industrial Relations Plans and Practices" ("IRP&P"). An IRP&P provision similar to the one contained in the Union collective bargaining agreement is contained in every other collective bargaining agreement to which DuPont is a party.

DuPont's Opposition begins by essentially conceding that the disputed portion of the Anderson Declaration is irrelevant. DuPont notes, correctly, that Plaintiff moved to strike paragraph 30 because it purports to provide evidence as to the meaning of the substantive provisions of the parties' collective bargaining agreements ("CBAs") which are at issue in the grievance Plaintiff has filed; thus paragraph 30 goes to the merits of the grievance, which are not for the Court to decide. DuPont responds that it is "not seeking a determination of the parties' dispute on the merits," Opposition at 2 (emphasis in original), and DuPont states that, for this reason, Plaintiff's Motion to Strike "has no bearing on the dispute before the Court." *Id.* at 1. But DuPont's logic is faulty: if no party is asking the Court to make a determination about the meaning of the contested CBA provisions, then paragraph 30 of the Anderson Declaration, which by DuPont's own account purports to "describe[]" the disputed CBA provisions and "how [they have] operated historically," *id.* at 2, cannot be relevant. Far from being a reason to deny Plaintiff's Motion to Strike, DuPont's first argument makes a strong case for granting it.

Even if the meaning of the contested CBA provisions were for the Court to decide, paragraph 30 would be inadmissible as evidence of that meaning because it consists entirely of conclusory allegations about DuPont's position on that subject. The declaration presents no *facts* that would assist the Court in determining what the parties intended their contract to mean. Absent such facts (recounting, for instance, statements made by the parties during collective bargaining or other facts about the course of contract negotiations), a bare assertion about what one party thinks a contract provision means is entirely conclusory and inadmissible under Rule 56(e). *See Industrial Risk Insurers v. Creole Prod. Servs., Inc.*, 568 F. Supp. 1323, 1325 (D. Alaska 1983), *aff'd*, 746 F.2d 526 (9th Cir. 1984); *Over the Road Drivers, Inc. v. Transport Ins. Co.*, 637 F.2d 816, 819 (1st Cir. 1980). Thus, in *Over the Road Drivers*, the court refused to

consider averments in an affidavit that "it was the intent of [the parties] to consider that the Policies were issued to the group as a whole. Accordingly, all premiums owed by or all the credits owed to each corporation… were to be added together, with the final amount owed or owing to be a joint obligation or right." *Id.* The Court explained that those averments were either irrelevant, to the extent they put forth only *one party's* understanding of a contract, or conclusory and insufficient under Rule 56(e), to the extent that they purported to describe a *mutual* understanding of the contract. *Id*. The same is true of paragraph 30 of the Anderson Declaration.

DuPont's assertion that paragraph 30 is not conclusory because it contains facts "concerning the adoption of the IRP&P language and the historical context in which the provision was created," Opposition at 2, is unfounded. Paragraph 30 contains *no facts* about the "adoption" of the IRP&P language or the "context" surrounding that adoption; Ms. Anderson does not state when the provision was adopted, who proposed the language, or any events or communications that preceded its adoption. Rather, paragraph 30 merely presents an inadmissible conclusory summation of *DuPont's position* as to the meaning of the CBA and of DuPont's rights thereunder—which is not made admissible by the addition of the equally conclusory assertion that the positions espoused in that Declaration are ones that DuPont "historically" has held.[2]

---

[2] DuPont attempts, in footnote 1 of its Opposition, to attack the Declaration of James Briggs (which the Local Union submitted in order to counter paragraph 30 of the Anderson Declaration in the event the Court should decide to consider the latter) on the ground that the Briggs Declaration does not "specify any time frame relating to [Mr. Briggs'] experience in collective bargaining." However, this only serves to highlight the lack of concrete facts in paragraph 30 of the Anderson Declaration; for the sentence in that paragraph about DuPont's "historical" understanding of the conditions under which it "has been willing" to allow unionized employees to receive benefits likewise contains no information as to time frame. Thus, the Anderson Declaration fails to establish that Ms. Anderson's much-ballyhooed 30 years of

3

The cases DuPont cites in its Opposition are not to the contrary: none of them holds that a conclusory statement about one party's understanding of the meaning of a contract provision is admissible to establish the meaning of that provision. Rather, in each of these cases the affidavits contained *facts* bearing on the meaning of a provision in a contract. *See Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999 (9th Cir. 1990) (investment banker's affidavit stating, *inter alia*, that a contract provision represented standard practice in the investment banking industry such that there had been no need for the parties to negotiate over the provision); *Gilleland v. Schanhals*, 55 Fed.Appx. 257, 260 (6th Cir. 2003) (affidavit explaining that a licensing agreement had been entered into because the licensee's largest customer had insisted that the parties sign a new agreement and that the owner of the licensor "execute the new agreement individually, stating that he has no individual ownership interest in the software"); *In re Kaypro*, 218 F.3d 1070 (9th Cir. 2000) (business owner's affidavit stating that debt restructuring agreements and personal guarantees were standard in his industry and his business).

For these reasons, and the reasons stated in Plaintiff's opening Memorandum, Paragraph 30 of the Anderson Declaration should be stricken.

---

experience with DuPont has given her personal knowledge of the entire amorphous "historic" period to which paragraph 30 of her Declaration alludes. The Anderson Declaration therefore does not rest on any firmer foundation than the Briggs Declaration as far as personal knowledge is concerned; and in any event, whatever factual knowledge Ms. Anderson may or may not possess, it remains the case that paragraph 30 of her declaration sets forth no admissible evidence, but only DuPont's legal position.

        Respectfully submitted,

        /s/ Susan E. Kaufman  
        SUSAN E. KAUFMAN (DSB # 3381)  
        Heiman, Gouge & Kaufman, L.L.P.  
        800 King Street, Suite 303  
        P.O. Box 1674  
        Wilmington, DE 19801  
        Telephone: (302) 658-1800/Facsimile: (302) 658-1473  
        skaufman@hgkde.com

        and

        JEREMIAH A. COLLINS  
        JENNIFER L. HUNTER  
        Bredhoff & Kaiser, P.L.L.C.  
        805 Fifteenth St., NW  
        Washington, D.C. 20005  
        Telephone: (202) 842-2600/ Facsimile: (202) 842-1888  
        jcollins@bredhoff.com  
        jhunter@bredhoff.com

        *Counsel for Plaintiffs United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied-Industrial and Service Workers International Union* and *United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied-Industrial and Service Workers Local 4-786*

DATED: September 20, 2007

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS, INTERNATIONAL UNION, AFL-CIO-CLC, and UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS LOCAL 4-786,<br><br>          Plaintiffs,<br>v.<br><br>E.I. DuPONT de NEMOURS and COMPANY,<br><br>          Defendant. | C.A. No. 07-126 (JJF) |

**CERTIFICATE OF SERVICE**

    I hereby certify that on September 20, 2007, I electronically filed the **PLAINTIFFS' REPLY IN SUPPORT OF THE MOTION TO STRIKE PORTION OF DECLARATION OF MARY JO ANDERSON** with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

    Kathleen F. McDonough, Esquire
    Potter, Anderson & Corroon, LLP
    1313 North Market Street
    Wilmington, DE 19899

    I hereby certify that on September 20, 2007, I have mailed by United States Postal Service, the document(s) to the following non-registered participants:

    Thomas P. Gies, Esquire
    Crowell & Moring LLP
    1001 Pennsylvania Avenue, NW
    Washington, DC 20004-2595

                                          */s/ Susan E. Kaufman*
                                          Heiman, Gouge & Kaufman, LLP
                                          800 King Street, Suite 303
                                          Wilmington, DE  19801
                                          302-658-1800
                                          skaufman@hgkde.com