IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS, INTERNATIONAL UNION, AFL-CIO-CLC, and UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS LOCAL 4-786,<br><br>    Plaintiffs,<br><br>v.<br><br>E. I . DUPONT DE NEMOURS AND COMPANY,<br><br>    Defendant. | C.A. No. 07-126 (JJF) |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY**

Plaintiffs United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied-Industrial and Service Workers International Union, AFL-CIO-CLC, and United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied-Industrial and Service Workers Local Union 4-786 (together, "Plaintiffs") move the Court for leave to file supplemental authority, so as to direct the Court's attention to the decision of Judge Henry E. Hudson of the Eastern District of Virginia in the case of *E.I. DuPont de Nemours and Co. v. Ampthill Rayon Workers, Inc.*, No. 3:07CV52-HEH, ___ F. Supp.2d ____, 2007 WL 2812902 (E.D.Va. Sept. 24, 2007) ("*DuPont v. ARWI*"), attached hereto as Exhibit 1, which was issued after briefing on Plaintiffs' Motion for Judgment on the Pleadings and Defendant's Motion for Summary Judgment was completed in this case.

The Virginia decision is directly relevant to the pending motions. That case involves the very same amendments to DuPont's benefits plans as are at issue in this case. The Ampthill Rayon Workers union ("ARWI") challenged those amendments by filing a grievance similar to the grievance filed by Local 4-786, and ARWI demanded arbitration of that grievance under a collective bargaining agreement ("CBA") containing an arbitration provision nearly identical to the one in the CBA between Plaintiffs and Defendant. DuPont brought suit against ARWI, seeking, among other relief, a declaration that ARWI's grievance was not arbitrable, and making the same arguments DuPont has advanced here. ARWI filed a counterclaim to compel arbitration.

On cross-motions for summary judgment, the Eastern District of Virginia rejected DuPont's arguments, and ordered arbitration of ARWI's grievance as to those plans which are listed in the CBA between ARWI and DuPont.[1] The court began by noting that DuPont had "labored from the outset of this litigation to label this as a dispute concerning 'eligibility for benefits'" in order to "seek shelter" in a line of cases "holding that disputes over eligibility for benefits under ERISA plans are to be settled by plan administrators acting as ERISA fiduciaries or civil suits, rather than by arbitration under the CBA." *DuPont v. ARWI*, 2007 WL 2812902, at *5. The court rejected DuPont's contentions, noting that "[t]he amendments made to benefit plans by DuPont at issue here are of a wholly different nature than routine benefit eligibility determinations … DuPont has not administered the plans, they have altered them." *Id*.

---

[1] The court did not order arbitration of that portion of ARWI's grievance which challenged amendments to the MEDCAP and Dental Plans, because those plans were not listed in the ARWI CBA. Similarly here, Plaintiffs are not pursuing arbitration as to MEDCAP and Dental Plans because they are not listed in the CBA between Plaintiffs and DuPont.

2

Against this backdrop, the court applied the well-established framework applicable to labor arbitration cases: it determined that the CBA's arbitration provision, requiring arbitration of "any question as to the interpretation of this Agreement or as to any alleged violation of the terms of this Agreement," was broad, *id.* at * 6; that the grievance concerned "a dispute over the rights afforded DuPont in the CBA to modify the benefit plans listed in that article," *id.* at *7; and that, as such, the grievance concerned a "question as to the interpretation" of the CBA which fell under the sweep of the CBA's arbitration clause, *id.* Further, the court held that there was no evidence that would overcome the presumption in favor of arbitration. *Id.* Accordingly, the court ordered arbitration of the benefit plans listed in the CBA.

Plaintiffs respectfully submit that the analysis in the *DuPont v. ARWI* decision is persuasive and that this Court should reach the same result in this case.

Pursuant to Local District Court Civil Rule 7.1.1, the parties have conferred over the substance of this motion. Counsel for Defendant has informed counsel for Plaintiffs that Defendant does not oppose this Motion, on the condition that Plaintiffs will not object if Defendant sees fit to file a response.

For the foregoing reasons, Plaintiffs request leave to file the attached decision in *DuPont v. ARWI* as supplemental authority.

                    Respectfully submitted,

                    HEIMAN, GOUGE & KAUFMAN, LLP

                    */s/ Susan E. Kaufman*
                    Susan E. Kaufman (DSB # 3381)
                    800 King Street, Suite 303
                    P.O. Box 1674
                    Wilmington, DE 19801
                    (302) 658-1800
                    (302) 658-1473 (fax)
                    skaufman@hgkde.com

JEREMIAH A. COLLINS
JENNIFER L. HUNTER
Bredhoff & Kaiser, P.L.L.C.
805 Fifteenth St., NW
Washington, D.C. 20005
Telephone:    (202) 842-2600
Facsimile:    (202) 842-1888
jcollins@bredhoff.com
jhunter@bredhoff.com

*Counsel for Plaintiffs United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied-Industrial and Service Workers International Union* and *United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied-Industrial and Service Workers Local 4-786*

DATED: October 4, 2007

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS, INTERNATIONAL UNION, AFL-CIO-CLC, and UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS LOCAL 4-786,<br><br>        Plaintiffs,<br><br>  v.<br><br>E.I. DuPONT de NEMOURS and COMPANY,<br><br>        Defendant. | C.A. No. 07-126 (JJF) |

**CERTIFICATE OF SERVICE**

    I hereby certify that on October 4, 2007, I electronically filed the PLAINTIFFS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

    Kathleen F. McDonough, Esquire
    Potter, Anderson & Corroon, LLP
    1313 North Market Street
    Wilmington, DE 19899

    I hereby certify that on October 4, 2007, I mailed by United States Postal Service, the document(s) to the following non-registered participants:

    Thomas P. Gies, Esquire
    Crowell & Moring LLP
    1001 Pennsylvania Avenue, NW
    Washington, DC 20004-2595

                                                    */s/ Susan E. Kaufman*
                                                    Heiman, Gouge & Kaufman, LLP
                                                    800 King Street, Suite 303
                                                    Wilmington, DE  19801
                                                    302-658-1800
                                                    skaufman@hgkde.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS, INTERNATIONAL UNION, AFL-CIO-CLC, and UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS LOCAL 4-786,<br><br>    Plaintiffs,<br><br>v.<br><br>E. I . DUPONT DE NEMOURS AND COMPANY,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) C.A. No. 07-126 (JJF)<br>)<br>)<br>)<br>)<br>) |

It is hereby ORDERED that Plaintiffs' Motion for Leave to File Supplemental Authority is GRANTED, and the decision in *E.I. DuPont de Nemours and Co. v. Ampthill Rayon Workers, Inc.*, No. 3:07CV52-HEH, ___ F. Supp.2d ____, 2007 WL 2812902 (E.D.Va. Sept. 24, 2007) will be considered as supplemental authority.

Dated this the _____ day of _____, 2007.

_____
The Honorable Joseph J. Farnan, Jr.

Westlaw.

--- F.Supp.2d ----
--- F.Supp.2d ----, 2007 WL 2812902 (E.D.Va.)
**(Cite as: --- F.Supp.2d ----)**

Page 1

E.I. DuPont De Nemours and Co. v. **Ampthill** Rayon Workers, Inc.
E.D.Va.,2007.
Only the Westlaw citation is currently available.
United States District Court, E.D. Virginia, Richmond Division.
E.I. DUPONT DE NEMOURS AND COMPANY, Plaintiff
v.
**AMPTHILL** RAYON WORKERS, INC., Defendant.
**Ampthill** Rayon Workers, Inc., Counterclaimant,
v.
E.I. Dupont De Nemours and Company, Counterclaim Defendant.
**Civil Action No. 3:07CV52-HEH.**

Sept. 24, 2007.

James Patrick McElligott, Jr., McGuirewoods LLP, Richmond, VA, Glenn D. Grant, Thomas Peter Gies, Crowell & Moring LLP, Washington, DC, for Plaintiff/Counterclaim Defendant.
James Joseph Vergara, Jr., Vergara & Associates, Hopewell, VA, Jonathan G. Axelrod, Beins Axelrod PC, Washington, DC, for Defendant.

**(Granting-in-Part and Denying-in-Part Parties' Cross-Motions for Summary Judgment)**

HENRY E. HUDSON, United States District Judge.
*1 This is a labor dispute involving the arbitrability of changes made to ERISA benefit plans under the terms of a collective bargaining agreement. It is currently before the Court on motions for summary judgment filed by each of the parties. Both parties have filed memoranda of law in support of their respective positions. The Court heard oral argument on September 12, 2007. Finding no material issues of fact in dispute, the Court will grant-in-part and deny-in-part the Cross-Motions for Summary Judgment.

**I. Background**

E.I. DuPont de Nemours and Company ("DuPont") employs approximately 30,000 employees at various facilities nationwide of which 4,500 are unionized. (Stip. ¶ 1.) One of those DuPont facilities is the Spruance Fibers Plant in Ampthill, Virginia. Approximately 1,000 employees at Spruance are represented by Ampthill Rayon Workers Incorporated ("ARWI" or "Union"). (Compl.¶¶ 2, 6.) ARWI represents employees in the Production and Maintenance unit at the Spruance facility as well as employees in the Clerical, Technical, and Office Unit. (Stip.¶ 3.) The unionized employees in the Production and Maintenance unit at Spruance have been covered by a collective bargaining agreement with DuPont since September 1, 1999, and that agreement has been renewed automatically every September since that date. *Id.* The ARWI-represented employees in the Clerical, Technical, and Office unit are contracted under a similar collective bargaining agreement that was first effective in October of 1999 and renewed annually. *Id.* The two collective bargaining agreements differ somewhat, but the parties agree that the portions of each agreement relevant to this dispute are identical.[FN1] *Id.* Those relevant portions of the agreement will be referred to through out this memorandum opinion as the Collective Bargaining Agreement ("CBA").

> FN1. The portions of the CBA relevant to this action are "Article VIII-Industrial Relations Plans and Policies" and "Article XI-Arbitration." (Stip.Ex. C1, C2.)

DuPont offers several benefit plans to qualifying employees and retired employees nationwide. These plans are offered uniformly in all DuPont facilities irrespective of an employee's union status. The benefit plans include the Savings and Investment Plan ("SIP") (Amend.Compl.¶ 11), the Pension and Retirement Plan ("Pension Plan") (Amend.Compl.¶ 18), the BeneFlex Employee Life Insurance Plan ("Life Insurance Plan") (Amend.Compl.¶ 19), the Medical Care Assistance Plan ("MedCAP") (Amend.Compl.¶ 27), the Dental Assistance Plan ("Dental Plan") (Amend.Compl.¶

31), the Vacation Plan (Amend.Compl.¶ 38), and the BeneFlex Vacation Buying Plan ("Vacation Buying Plan") (Amend.Compl.¶ 35). All of the benefit plans are governed by ERISA, 29 U.S.C. § 1001 et seq., with the exception of the Vacation Plan. (Amend.Compl.¶¶ 11, 18, 23, 27, 31.) It is the amendment of these seven benefit plans by DuPont that is the subject of this action.

The parties' CBA discusses benefit plans in "Article VII-Industrial Relations Plans and Practices."Article VII of the CBA is central to this action and warrants partial reprinting:

**\*2** Section 1. All existing privileges heretofore enjoyed by the employees in accordance with the following Industrial Relations Plans and Practices of the COMPANY and of the Plant shall continue, subject to the provisions of such Plans and Practices and to such rules, regulations and interpretations as existing prior to the signing of this Agreement, and to such modifications thereof, as may be hereafter adopted generally by the Company or by the Plant to govern such privileges; provided, however, that as long as one of these COMPANY Plans and Practices is in effect at any other Plant within the Company it shall not be withdrawn from the employees covered by this Agreement, and provided, further, that any change in these Plans and Practices which has the effect of reducing or terminating benefits will not be made effective until one (1) year after notice to the UNION by the COMPANY of such change.
Short-Term Disability Plan
Pension and Retirement Plan
Special Benefits Plan
Vacation Plan for Wage Roll Employees
----
Savings and Investment Plan
Total and Permanent Disability Income Plan
Career Transition Plan
----
Section. 3. In addition to receiving benefits pursuant to the Plans and Practices set forth in Section 1 above, employees shall also receive benefits as provided by the COMPANY'S Beneflex Flexible Benefits Plan, subject to all terms and conditions of said Plan, provided, however, that as long as this Plan is in effect at any other Plant within the COMPANY, it shall not be withdrawn from the employees covered by this Agreement."

(ARWI Brief at 3-4.) Neither MedCAP nor the Dental Plan are referenced in the CBA.

A. *DuPont's August 2006 Amendments to the Benefit Plans*

DuPont announced several changes to its benefit plans in a memorandum dated August 28, 2006. (Stip.¶ 40.) The changes were applicable to all employees nationwide, union and non-union, not merely to employees at the Spruance Fibers Plant. (Stip.¶ 41.) Some of the changes outlined in the memorandum provided additional or augmented benefits than were previously provided by DuPont, but several of the amendments outlined in the August 2006 memorandum amounted to a significant reduction in employee benefits.

The August 2006 memorandum prescribed that employees hired by DuPont on or after January 1, 2007 would no longer be eligible to participate in the SIP, but would be able to enroll in a similar plan known as the Retirement Savings Plan. (Stip.¶ 42.) Employees that participate in the Retirement Savings Plan are entitled to contribute up to 100% of their salary into the plan and to receive a 100% matching contribution of that amount from DuPont for up to 6% of their pay. (Stip.¶ 42.) DuPont will also make an additional contribution to a participating employee's Retirement Savings Plan account equal to 3% of the employee's pay. *Id.*

The new Retirement Savings Plan matching rules differ from those that apply to employees hired prior to 2007 participating in SIP. The SIP-eligible employees can contribute up to 100% of their salary to SIP and receive a 50% matching contribution from DuPont on up to 3% of the employee's salary. There is no separate 3% contribution available to employees participating in SIP. *Id.*

**\*3** The Pension Plan was amended such that employees hired by DuPont on or after January 1, 2007 are ineligible to accrue benefits under the

Pension Plan for service after that date. (Stip.¶ 43.) The August 2006 memorandum further announced that, for Pension Plan purposes, service accrued after December 31, 2007 by employees that were hired prior to January 1, 2007 would be credited at one third the previous accrual rate. *Id.*

The August 2006 memorandum provided that employees hired by DuPont after January 1, 2007 were ineligible to participate in the Life Insurance plan following retirement. (Stip.¶ 44.) Employees hired after January 1, 2007 would also be ineligible to participate in MedCAP and the Dental Plan. (Stip.¶¶ 45, 46.) DuPont altered its Vacation Plan in the August 2006 memorandum by limiting employees hired after January 1, 2007 to a maximum benefit of five weeks of vacation time annually and limiting the amount of time that could be banked to three weeks. (Stip.¶ 47.) Finally, DuPont announced that employees hired after January 1, 2007 would not be eligible to purchase vacation time utilizing the Vacation Buying Plan after their first ten years of employment. (Stip.¶ 48.)

### B. *ARWI's Demand for Arbitration Prompts DuPont to File this Complaint*

ARWI maintains that the amendments to employee benefit plans contained in DuPont's August 2006 memorandum violate the parties' CBA. (Answer ¶ 2.) The Union responded to DuPont's announcement by initiating a grievance on November 7, 2006 utilizing the grievance procedures established in the CBA. (Stip.¶ 50.) ARWI's grievance contends that DuPont violated the CBA by (1) not waiting one year to implement the August 2006 amendments; (2) treating one class of employees, namely those hired after January 1, 2007, different from other employees; and (3) reducing benefits.FN2(Stip.Ex. R.) The Union was unable to resolve its grievance with DuPont and demanded arbitration of the dispute pursuant to the CBA. (Stip.¶ 51.)

> FN2. ARWI also maintains that DuPont made unilateral changes to the structure of employee benefits without first bargaining to impasse as required by the National Labor Relations Act. (Stip.Ex. R.) That complaint has been pursued separately with the NLRB.

ARWI insists that the arbitration clause contained in Article XI of the parties' CBA requires submission of this dispute to an arbitrator. The arbitration clause states in pertinent part that "[a]ny question as to the interpretation of this Agreement, or as to any alleged violation of the terms of this Agreement, which is not otherwise settled to the mutual satisfaction of the parties hereto, shall at the request of either party be submitted to arbitration."(Stip. Ex. C1 at 28.)

DuPont originally agreed to submit the grievance to arbitration and the parties selected an arbitrator on January 23, 2007. (Stip.¶ 52.) Subsequently, DuPont refused to arbitrate the dispute and initiated this action seeking declaratory judgment and injunctive relief on January 24, 2007. DuPont amended its Complaint on March 14, 2007 to include three counts.

Count I of DuPont's Amended Complaint asks for a declaration that all disputes regarding ARWI members' eligibility for ERISA benefit plans must be resolved through the claims procedures contained in the benefit plans themselves or through a civil action under Section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B), rather than through arbitration. (Amend.Compl.¶¶ 50-53.) Count II requests a declaration that the amendments made by DuPont to the ERISA benefit plans were consistent with the rights afforded to DuPont under the parties' CBA. (Amend.Compl.¶¶ 54-56.) Count III of the Amended Complaint asks the Court for a permanent injunction ordering ARWI to refrain from seeking arbitration of its grievance if the Court issued the declaratory judgments asked for in Counts I and II. (Amend.Compl.¶¶ 57-58.)

**\*4** ARWI filed a Counterclaim on March 19, 2007 under the Labor Management Relations Act, 29 U.S.C. § 185, alleging a violation of the parties' CBA and asking the Court to compel DuPont to

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

submit the dispute to arbitration. The parties filed cross-motions for summary judgment on June 29, 2007. Contained in agreed stipulations filed with the Court on the same date was a willingness on the part of DuPont to submit the Vacation Plan, the only benefit plan at issue in this litigation that is not governed by ERISA, to arbitration. (Stip.¶ 55.)

## II. Standard of Review

Summary judgment is appropriate under Federal Rule of Civil Procedure 56(c) "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby,* 477 U.S. 242, 247 (1986). The standard of review does not change when ruling on cross-motions for summary judgment. The motions are evaluated separately against the Rule 56 standard. *Monumental Paving & Excavating, Inc. v. Pa, Mfrs. Ass'n Ins. Co.,* 176 F.3d 794, 797 (4th Cir.1999).

## III. Analysis

A. *DuPont's Characterization of the Grievance as Involving Benefits Eligibility Determinations*

Count I of DuPont's Amended Complaint asks for (1) a "prompt declaration that all disputes regarding eligibility for certain benefits contained in DuPont's ERISA plans are to be resolved exclusively through the procedures set forth in those plans, and/or in a civil enforcement action under Section 502 of ERISA"; (2) that "the ARWI grievance is not arbitrable"; and (3) that "otherwise delineates the rights and obligations of the parties."(Amend.Compl.¶ 53.)

DuPont's first request, that "all disputes regarding eligibility for certain benefits contained in DuPont's ERISA plans" be resolved through a plan's internal procedures or civil action, is unobjectionable as phrased. ARWI concedes that it cannot grieve and arbitrate benefit eligibility and claims decisions. (ARWI Brief at 23.) The Court also does not quarrel with the notion that benefit eligibility decisions are to be contested solely through internal plan resolution processes or a civil action under ERISA. Several cases support that proposition. *See, e.g., USW v. Commonwealth Aluminum Corp.,* 162 F.3d 447 (6th Cir.1998) (finding union grievance over health plan requiring referrals for non-routine OB/GYN care was not subject to arbitration under the CBA); *Int'l Ass'n of Machinists, Dist. No. 10 v. Waukesha Engine Div.,* 17 F.3d 196, 197 (7th Cir.1994) (denying arbitration under the CBA when health plan determined that inpatient hospital stay was not medically necessary); *Schweizer Aircraft Corp. v. Local 1752, Int'l Union, United Auto., Aerospace & Agric. Implement Workers,* 29 F.3d 83, 86 (2d Cir.1994) (determining court's critical inquiry in ordering arbitration is whether dispute implicates the responsibilities of the Plan's administrators or only the responsibility imposed under the CBA).

*5 DuPont has unnecessarily muddied the waters by omitting the predicate question of whether AR-WI's grievance is properly characterized as a dispute over benefit eligibility determinations. DuPont has labored from the outset of this litigation to label this as a dispute concerning "eligibility for benefits." (Amend.Compl.¶ 3.) The company has done so to seek shelter in the line of cases cited above, holding that disputes over eligibility for benefits under ERISA plans are to be settled by plan administrators acting as ERISA fiduciaries or civil suits, rather than by arbitration under the CBA. DuPont has candidly informed the Court that because the August 2006 amendments affected all employees nationwide, the company potentially faces a quagmire of grievances and litigation from every labor union that represents a DuPont employee.[FN3] Motivated by a desire to avoid this impending storm, DuPont has tried to construe this grievance as a dispute over benefits eligibility, but the company has mischaracterized ARWI's grievance.

> FN3. At oral argument, DuPont stated that three other suits similar to this one were ongoing elsewhere.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Benefit eligibility determinations are routinely made by employers in their role as ERISA fiduciaries. The cases cited by DuPont involve typical benefit eligibility determinations by plan administrators such as determining whether medical necessity exists for a given procedure or requiring a referral before certain diagnostic tests will be reimbursed. *USW,* 162 F.3d 447;*Int'l Ass'n of Machinists,* 17 F.3d 196. All parties agree that those types of determinations are squarely within the province of an ERISA fiduciary and should be resolved by a plan's internal claims review process or a civil action under ERISA. (ARWI Brief at 5.)

The amendments made to benefit plans by DuPont at issue here are of a wholly different nature than routine benefit eligibility determinations. They are not akin to an individual finding that medical necessity was lacking or a requirement for a referral. DuPont has not administered the plans, they have altered them. The company goes a long way in recognizing this difference when it admitted at oral argument that it was acting in its capacity as plan settlor when it amended the plans, not in its fiduciary role as plan administrator.

ARWI's grievance in this case is not a complaint over a benefit eligibility determination nor the Union attempting to circumvent any requirement of ERISA.[FN4] This Court could issue a declaration, as DuPont requests, that "all disputes regarding eligibility for certain benefits contained in DuPont's ERISA plans are to be resolved exclusively through the procedures set forth in those plans and/or in a civil enforcement action," but it would be fruitless in resolving this dispute as this is not a dispute over eligibility for benefits. ARWI's grievance is quite simply that DuPont's August 2006 amendments violated the parties' CBA and should be arbitrated. The Court will therefore decline to issue the first declaration requested by DuPont in Count I of the Amended Complaint and turns now to the issue of arbitrability.

> FN4. At the hearing, ARWI conceded that nothing in ERISA prevents DuPont from acting as plan settlor and amending the benefit plans as they did.

*\*6* DuPont asks in Count I for a declaration that the grievance is not arbitrable. ARWI's counterclaim asks that the dispute be referred to arbitration. Resolving the issue requires a short review of case law and an examination of the CBA.

### B. *Presumption of Arbitrability*

ARWI insists that the amendments to benefits plans announced by DuPont in August of 2006 violate the CBA and that the CBA itself requires submission of the dispute to an arbitrator. The Court's role in determining the arbitrability of a labor dispute is not to rule on the potential merits of the underlying claim, but to determine whether the party seeking arbitration is entitled to it by the CBA. *See United Steelworkers of America v. American Mfg. Co.,* 363 U.S. 564, 568 (1960).

Arbitration is a matter of contract and a party cannot be forced to arbitrate any disagreement that it did not agree to submit to arbitration. *AT & T Tech., Inc. v. Commc'n Workers of America,* 475 U.S. 643, 648 (1986). The Supreme Court has made it very clear though that "where the contract contains an arbitration clause, there is a presumption of arbitrability in the sense that [an] order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute."*Id.* at 650.Any doubts regarding the coverage of the arbitration clause are to be resolved by this Court in favor of arbitration. *Id.*

The arbitration clause contained in the parties' CBA casts a wide net. The parties agreed to arbitrate "any question as to the interpretation of this Agreement or as to any alleged violation of the terms of this Agreement ... which is not otherwise settled to the mutual satisfaction of the parties."(Stip.Ex. C1, C2.) The presumption in favor of arbitrability outlined in *Steelworkers* is strengthened when an arbitration clause is broadly written. *AT & T Tech.,* 475 U.S. at 650. When a broad arbitration clause is present in the CBA and no express provision ex-

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

cludes a particular grievance from arbitration, "only the most forceful evidence of a purpose to exclude the claim from arbitration can prevail."*Wash. Square Secs. v. Aune,* 385 F.3d 432, 436 (4th Cir.2004). This Court cannot resolve a labor dispute on the merits, even a frivolous one, absent forceful evidence that the parties exempted the dispute from the arbitration clause. *Id.;United Steelworkers,* 363 U.S. at 568.

### C. *The Parties' CBA*

Having established a strong presumption in favor of arbitrability, this Court's inquiry has two facets. The first question is whether the immediate dispute between DuPont and ARWI is over the interpretation of the CBA or an alleged violation of the terms of the CBA. If so, then the dispute is within the province of the CBA's arbitration clause and the next question is whether the CBA contains any "forceful evidence" that would provide this Court with "positive assurance" that the parties intended to exempt this dispute from the broad arbitration procedures prescribed in the CBA. Both questions can be resolved quickly through an examination of Article VII of the CBA.

**\*7** Article VII provides that SIP, the Pension Plan, the Life Insurance Plan, the Vacation Plan, and the Vacation Buying Plan will all be offered to ARWI members so long as they are offered to any other DuPont employee nationwide.[FN5] (Answer ¶ 7.) Article VII appears further to grant DuPont latitude in modifying the plans as needed and states that any change to the enumerated benefit plans that effectively reduces the benefits of DuPont's ARWI employees may not take effect for one year after they are announced. *Id.* That is the full extent of the CBA's discussion of the benefit plans at issue here.

> FN5. MedCAP and the Dental Plan are not referred to in the CBA and their arbitrability is dealt with separately.

The language of Article VII is sufficient to convince this Court that the dispute between ARWI and DuPont over the August 2006 amendments to benefit plans is, at bottom, a dispute over the rights afforded DuPont in the CBA to modify the benefit plans listed in that article. Resolving the dispute would necessarily require this Court to interpret the CBA and determine the rights afforded to each party therein.[FN6] The arbitration clause plainly provides that "any question as to the interpretation" of the CBA must be submitted to arbitration. Accordingly, the dispute must be submitted to arbitration unless evidence sufficient to overcome the presumption in favor of arbitrability can be found proving that the parties intended to exempt this dispute from the broad arbitration clause contained in Article XI.

> FN6. Count II of DuPont's Amended Complaint specifically asks the Court for a declaration that the plan amendments "were consistent with DuPont's rights under the parties' collective bargaining agreement, and that those actions do not violate the AWRI collective bargaining agreement."(Amend.Compl.17.) The Court cannot provide DuPont with the relief requested without interpreting the CBA and adjudicating an alleged violation of the CBA.

There is no reference in the CBA or elsewhere, let alone an express statement, that serves to exempt the provision of benefit plans from the arbitration procedures contained in the CBA. Finding no unambiguous sign that ARWI and DuPont exempted the amendment of benefit plans listed in Article VII of the CBA from the arbitration procedures listed in Article XI, this Court must order the parties to submit to arbitration the narrow question of whether the August 2006 amendments to SIP, the Pension Plan, the Life Insurance Plan, the Vacation Plan, and the Vacation Buying Plan violate the CBA. The ability to amend the above plans may be well within DuPont's rights but the parties' CBA grants that determination to an arbitrator and not to this Court.

### D. *The MedCAP Plan and Dental Plan*

Neither the MedCAP Plan nor the Dental Plan is referenced in the CBA. The CBA's arbitration clause only mandates arbitration of those disputes

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

that arise from the CBA. Since neither plan is included in the CBA, the parties cannot be said to have contracted to arbitrate disputes over these two plans. Mindful again that "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed to submit,"*Steelworkers,* 363 U.S. at 582, this Court has no power to order arbitration of this dispute insofar as it concerns the August 2006 amendments to MedCAP and the Dental Plan. The parties indicated at oral argument that they had collectively reached the same conclusion. DuPont will be granted an injunction preventing ARWI from further seeking arbitration of the amendments to these two plans.

### IV. Conclusion

**\*8** For the reasons stated above, ARWI's Motion for Summary Judgment will be granted-in-part and the parties will submit AWRI's grievance over the August 2006 amendments of SIP, the Pension Plan, the Life Insurance Plan, the Vacation Plan, and the Vacation Buying Plan to arbitration pursuant to the parties' CBA.

DuPont's Motion for Summary Judgment will be granted-in-part and ARWI may not pursue arbitration of the August 2006 amendments to MedCAP and the Dental Plan.

An appropriate Order will accompany this Memorandum Opinion.

### (Granting-in-Part and Denying-in-Part Parties' Cross-Motions for Summary Judgment)

THIS MATTER is before the Court on the parties' Cross-Motions for Summary Judgment under Rule 56 of the Federal Rules of Civil Procedure filed on June 29, 2007.

For the reasons set forth in the accompanying Memorandum Opinion, ARWI's Motion for Summary Judgment is GRANTED-in-PART. The parties will submit ARWI's grievance over amendments to SIP, the Pension Plan, the Life Insurance Plan, the Vacation Plan, and the Vacation Buying Plan to arbitration pursuant to the parties' collective bargaining agreement. ARWI's motion is DENIED with regard to MEDCap and the Dental Plan.

DuPont's Motion for Summary Judgment is GRANTED with respect to ARWI's grievance over amendments to MEDCap and the Dental Plan. ARWI will not further pursue arbitration of that grievance. DuPont's motion is DENIED as to SIP, the Pension Plan, the Life Insurance Plan, the Vacation Plan, and the Vacation Buying Plan.

The Clerk is directed to send a copy of this Order and the accompanying Memorandum Opinion to all counsel of record.

It is SO ORDERED.

E.D.Va.,2007.
E.I. DuPont De Nemours and Co. v. Ampthill Rayon Workers, Inc.
--- F.Supp.2d ----, 2007 WL 2812902 (E.D.Va.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.