IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS, INTERNATIONAL UNION, AFL-CIO-CLC, and UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS LOCAL 4-786,<br><br>    Plaintiffs,<br><br>v.<br><br>E. I. DU PONT DE NEMOURS AND COMPANY,<br><br>    Defendant. | C.A. No. 07-126 (JJF) |

**DEFENDANT E.I. DUPONT DE NEMOURS AND
COMPANY'S RESPONSE TO PLAINTIFFS' MOTION
FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY**

Defendant E.I. DuPont de Nemours & Company ("DuPont"), through its undersigned counsel, hereby responds to Plaintiffs' Motion to File Supplemental Authority.

Plaintiffs' motion claims that a recent decision issued by the U.S. District Court for the Eastern District of Virginia in *E.I. DuPont de Nemours & Company v. Ampthill Rayon Workers, Inc.*, 3:07CV-52, 2007 WL 2812902, (E.D.Va. Sept. 24, 2007) ("DuPont v. ARWI"), is directly relevant to the summary judgment motions pending before the Court. While the conduct of which Plaintiffs here complain is the same (i.e., DuPont's refusal to arbitrate certain of the disputes raised in grievances relating to announced changes to certain employee benefit plans), the ARWI collective bargaining agreement ("CBA") and ARWI grievance are materially different from the USW CBA and grievance filed by Plaintiffs in this case. Indeed, the USW

specifically acknowledged as much in its Opposition to DuPont's Motion to Consolidate in *DuPont v. ARWI*, stating:

> [A]lthough the CBAs between DuPont and its various unions are similar, and while the grievances at issue make some similar allegations, the differences between them mean that the arbitrability of each grievance under each union's CBA will have to be determined separately. In addition to the differences among the CBAs and grievances of three USW Local Unions, there are potentially significant differences between ARWI's CBA and grievance and those of the USW Local Unions

*See* Defendant's Opposition to Plaintiff's Motion to Consolidate attached as Exhibit A, at 5 (footnote omitted).[1] Unlike the ARWI grievance, the grievance at issue here, on its face, raises a dispute with regard to "the *application* to [active employees] of the changes in the Pension and Retirement Plan and Savings and Investment Plan." As DuPont has demonstrated in its prior submissions, disputes involving the *application* of the amended terms of the Pension Plan and Savings and Investment Plan, which falls within the exclusive responsibility of the Plan Administrators for each plan, must be resolved through the dispute resolution procedures of the ERISA plans, not through labor arbitration.

In addition, the court in *DuPont v. ARWI* failed to address several key elements of DuPont's arguments. For example, DuPont argued that to the extent ARWI's grievance raised issues concerning DuPont's authority to make benefit plan changes, such issues are inextricably intertwined with benefit eligibility and plan interpretation questions, thereby implicating DuPont's status and obligations under ERISA as a plan fiduciary, and creating a dispute that the parties

---

[1] DuPont filed an action against the USW in the Eastern District of Virginia concerning the benefit plan grievances filed by the USW and its local unions and sought to consolidate that action with the earlier-filed *DuPont v. ARWI* case. The Court denied DuPont's Motion to Consolidate.

agreed to resolve exclusively through the dispute resolution provisions of the underlying benefit plans. The Court failed to address this significant ERISA issue, as well as others.

While DuPont does not oppose the filing of Plaintiff's motion, it disagrees with Plaintiff's view as to the relevance of the *DuPont v. ARWI* decision and the conclusions reached by the court in that case.

        POTTER ANDERSON & CORROON LLP

By */s/ Kathleen Furey McDonough*
    Kathleen Furey McDonough (#2395)
    Sarah E. DiLuzio (#4085)
    1313 North Market Street
    Hercules Plaza, 6th Floor
    Wilmington, DE 19801
    (302) 984-6000
    kmcdonough@potteranderson.com
    sdiluzio@potteranderson.com

    Thomas P. Gies
    Kris D. Meade
    Jennifer G. Knight
    Crowell & Moring LLP
    1001 Pennsylvania Avenue, N.W.
    Washington, D.C. 20004-2595
    (202) 624-2500

*Attorneys for Defendant E. I. du Pont de Nemours and Company*

Dated: October 12, 2007
825277

## CERTIFICATE OF SERVICE

I hereby certify this 12th day of October that the foregoing was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the following counsel of record that the document is available for viewing and downloading from CM/ECF:

Susan E. Kaufman
HEIMAN, GOUGE & KAUFMAN, LLP
800 King Street
Suite 303
Wilmington, DE 19801

/s/ Kathleen Furey McDonough
Kathleen Furey McDonough (#2395)
Potter Anderson & Corroon LLP
1313 North Market Street
Hercules Plaza, 6th Floor
Wilmington, DE 19801
(302) 984-6000
kmcdonough@potteranderson.com

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| E.I. DUPONT DE NEMOURS AND COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED-INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION,<br><br>Defendant. | Civil Action No.<br>3:07-cv-0103-HEH |

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO CONSOLIDATE

Plaintiff E.I. DuPont de Nemours and Company ("DuPont") has moved to consolidate this case—which concerns the arbitrability, under three separate collective bargaining agreements ("CBAs"), of three separate grievances filed by three different Local Unions affiliated with Defendant United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied-Industrial and Service Workers International Union ("the USW")—with another case involving the arbitrability, under a different CBA, of a different grievance filed by an entirely separate union. DuPont's motion should not be addressed until the Court rules on the USW's pending motion to dismiss, because if the USW's motion is granted, the motion to consolidate will be moot. Furthermore, even if the Court declines to dismiss this case, consolidation is inappropriate; the differences among the various disputes mean there are no true common

questions of law or fact, but there is a high risk of confusion and prejudice; and consolidation would result in little or no savings of time or resources.

## BACKGROUND

The factual background of this case is described more fully in the USW's Brief in Support of its Motion to Dismiss; the relevant points are briefly summarized here.

DuPont is a party to several different collective bargaining agreements with several different unions across the United States. After DuPont's announcement in August 2006 of unilateral changes to the benefits provided to its employees through its pension and welfare plans, at least four local unions filed grievances alleging that DuPont's benefit cuts violated the terms of each union's collective bargaining agreement. Three of those grievances were filed by USW-affiliated local unions ("USW Local Unions") representing DuPont workers in Delaware, New Jersey, and New York; and one was filed by the Ampthill Rayon Workers Union, Inc. ("ARWI"), an entirely separate entity unaffiliated with either the USW or the USW Local Unions, representing DuPont employees in Virginia. Just as the various unions' collective bargaining agreements are not identical, so the grievances made different allegations about how the announced benefit cuts violated each union's CBA. Each union demanded that its grievance be arbitrated, invoking the arbitration clause in its CBA.

DuPont refused to arbitrate the grievances, and in January 2007 brought an action against ARWI, seeking a declaration that ARWI's grievance was not arbitrable, among other relief ("the ARWI case.") In the meantime, the USW informed DuPont that the USW Local Unions would file suits to compel arbitration of their grievances. Soon thereafter, DuPont brought the instant declaratory judgment action against the USW, seeking declarations that the three USW Local

Unions' grievances were not arbitrable, among other relief ("the USW case.") The USW has moved to dismiss the USW case on several grounds, including that it is an improper "anticipatory" declaratory judgment suit brought to deprive the natural plaintiffs—the USW Local Unions—of the ability to choose their own forum and to frame the issues in their own cases, and that the USW Local Unions are necessary parties without whom the case cannot proceed.

DuPont has opposed the USW's motion to dismiss the USW case, and has now filed a motion to consolidate this action with DuPont's declaratory judgment action against ARWI. For the following reasons, DuPont's motion should be denied.

## ARGUMENT

### I. THE COURT SHOULD NOT ADDRESS THE MOTION TO CONSOLIDATE UNTIL IT HAS RULED ON THE PENDING MOTION TO DISMISS

If this Court grants the USW's motion to dismiss, there will be no need for the Court to rule on the motion to consolidate. Nor could any efficiency or savings of time or resources result from consolidating the actions before ruling on the USW's motion to dismiss, because there is no motion to dismiss pending in the ARWI case, and the issues raised in the USW's motion to dismiss are not present in the ARWI case. Indeed, because the cases necessarily are in different postures due to the issues pertaining solely to the USW case that are raised by the motion to dismiss, any attempt to put the cases on a common schedule at this time could only cause inefficiency and confusion. Accordingly, the motion to consolidate is premature, and should not be considered until the Court has ruled on the motion to dismiss.

## II. EVEN IF THE COURT DENIES THE MOTION TO DISMISS, THE DIFFERENCES BETWEEN THE CASES MAKE CONSOLIDATION INAPPROPRIATE

Although DuPont portrays this case and the ARWI action as involving common issues of fact and law, in actuality they involve only similar legal theories which do not constitute common issues of law, and they do not present any common questions of fact for resolution by the Court. Furthermore, the significant differences among the CBAs and grievances which are the heart of each case mean that consolidation would present a significant risk of prejudice and confusion, with little if any savings of time or expense.

A. Fed. R. Civ. P. 42(a) allows consolidation when there is a "common question of law or fact."[1] DuPont states that the USW action and the ARWI action are based on a "common set of facts," Plaintiff E.I. DuPont de Nemours and Company's Mem. in Support of Motion to Consolidate ("Mem. in Supp. of Motion to Consolidate") at 3 (emphasis added), but DuPont does not allege the existence of common questions of fact, nor could it do so. To the extent that there are any common facts as between the ARWI case and the cases presented by the three USW Local Unions, these common facts do not present any disputes for the Court to resolve, and hence nothing would be gained by consolidation. Any actual questions of fact in these cases will pertain to the negotiating history of the various CBAs and the processing of the grievances, which are matters that differ from union to union and which, for that reason, do not lend themselves to resolution on a consolidated basis.

Nor does the case involve common questions of law. Even in DuPont's formulation, the allegedly "common" legal issues involved in each case are "whether the grievances filed by the

---

[1] "When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." Fed. R. Civ. P. 42(a).

various labor unions are excluded from arbitration," and "whether DuPont has acted within its rights under the various collective bargaining agreements in making the benefit changes." Mem. in Supp. of Motion to Consolidate at 3. Although these are all legal questions of the same type, they are not "common question[s]" because they concern the language of four different CBAs and four different grievances. "[T]he mere fact that two cases assert similar theories of recovery does not constitute a common question of law so as to warrant consolidation." Flintkote Co. v. Allis-Chalmers Corp., 73 F.R.D. 463, 465 (S.D.N.Y. 1977); accord Liberty Lincoln Mercury, Inc. v. Ford Mktg. Corp., 149 F.R.D. 65, 81 (D.N.J. 1993).

In Flintkote, the plaintiff brought breach of contract actions against the same defendant based on two separate contracts. The court denied the plaintiff's motion to consolidate, noting that "[w]hile the contracts are similar in some ways, they are dissimilar in a number of important respects." 73 F.R.D. at 465. The same is true here: although the CBAs between DuPont and its various unions are similar, and while the grievances at issue make some similar allegations, the differences between them mean that the arbitrability of each grievance under each union's CBA will have to be determined separately. In addition to the differences among the CBAs and grievances of the three USW Local Unions,[2] there are potentially significant differences between ARWI's CBA and grievance and those of the USW Local Unions. For instance, the ARWI grievance includes the allegation, not present in any of the USW Local Unions' grievances, that "there is no provision in the contract language, or in the plans themselves, which provides for one class of employees to be treated differently from another class of employees (new hires versus existing employees)." The ARWI grievance also contains an allegation, similar but not identical to one in the New York USW Local Union's grievance and absent from either the

---

[2] See discussion at p. 6 of Defendant's Reply In Support of Motion to Dismiss.

5

Delaware or New Jersey grievance, that DuPont's announced benefit cuts violated a notice provision in the ARWI CBA.

    B. Further, even if there were common questions of law or fact, DuPont has not shown that any benefits of consolidation outweigh the risk of prejudice and confusion. The Fourth Circuit has made clear that the decision whether to consolidate two pending cases involving common questions of law or fact lies within the discretion of the trial court, and that the analysis is a balancing test in which the party moving for consolidation bears the burden:

> The critical question for the district court in the final analysis was whether the specific risks of prejudice and possible confusion were overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

Arnold v. Eastern Air Lines, Inc., 681 F.2d 186, 193 (4th Cir. 1982).

    Here, the fact that the CBAs and grievances are all different means that the risk of prejudice and confusion is significant. In addition, it is our understanding that the parties to the ARWI case have informed the Court that they expect that case to be decided on cross motions for summary judgment. Consequently, consolidation is not needed here to avoid a "multiple-trial" scenario. Id. Any minor efficiencies that might theoretically be achieved through consolidation in these circumstances will be more than offset by the squabbling that would ensue over the extent to which each union's case requires consideration of separate facts.

## CONCLUSION

For the foregoing reasons, the motion to consolidate should be denied.

Respectfully submitted,

*[signature]*

James J. Vergara
Vergara & Associates
100 Main Street
Hopewell, VA 23806
Telephone:   (804) 458-6394
Facsimile:    (804) 541-3855
Jjv@vergaralaw.com

Jeremiah A. Collins
Jennifer L. Hunter
Bredhoff & Kaiser, P.L.L.C.
805 Fifteenth St., NW
Washington, D.C. 20005
Telephone:   (202) 842-2600
Facsimile:    (202) 842-1888
jcollins@bredhoff.com

*Counsel for Defendant*
*United Steel, Paper and Forestry, Rubber,*
*Manufacturing, Energy, Allied-Industrial and*
*Service Workers International Union*

DATED: May 3, 2007

### CERTIFICATE OF MAILING

    I hereby certify that a true copy of the foregoing Defendant USW's Opposition to Plaintiff's Motion to Consolidate was mailed by first class mail, postage prepaid, this 3rd day of May to the following:

James P. McElligott
McGuireWoods LLP
One James Center
901 East Cary Street
Richmond, VA 23219-4030

Thomas P. Gies, Esquire
Crowell & Moring LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595

_____
James J. Vergara, Jr.