**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| UNITED STEEL, PAPER AND FORESTRY, | ) | |
| RUBBER, MANUFACTURING, ENERGY, | ) | |
| ALLIED INDUSTRIAL AND SERVICE | ) | |
| WORKERS, INTERNATIONAL UNION, | ) | |
| AFL-CIO-CLC, and UNITED STEEL, PAPER | ) | |
| AND FORESTRY, RUBBER, MANUFACTURING, | ) | |
| ENERGY, ALLIED INDUSTRIAL AND SERVICE | ) | |
| WORKERS LOCAL 4-786, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-126 (JJF) |
| | ) | |
| E. I . DUPONT DE NEMOURS AND | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE ADDITIONAL SUBSEQUENT
AUTHORITY**

Plaintiffs United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied-

Industrial and Service Workers International Union, AFL-CIO-CLC, and United Steel, Paper and

Forestry, Rubber, Manufacturing, Energy, Allied-Industrial and Service Workers Local Union 4-

786 (together, "Plaintiffs") move the Court for leave to file additional subsequent authority, so as

to direct the Court's attention to the decisions of Judge Robert B. Kugler of the District of New

Jersey in the consolidated cases of *United Steel, Paper and Forestry, Rubber, Manufacturing,*

*Energy, Allied-Industrial and Service Workers Local Union 943 v. E.I. DuPont de Nemours and*

*Co.*, Civ. No. 07-0965, and *United Steel, Paper and Forestry, Rubber, Manufacturing, Energy,*

*Allied-Industrial and Service Workers Local Union 943 v. DuPont Performance Elastomers,*

*L.L.C.*, Civ. No. 07-1005, 2008 WL 557277 (D.N.J. Feb. 29, 2008) ("*Local 943 v. DuPont*"),

attached hereto as Exhibit 1, and of Judge William M. Skretny of the Western District of New York in the case *United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied-Industrial and Service Workers Local Union 4-5025 v. E.I. DuPont de Nemours & Co.*, Case 1:07-cv-00122-WMS-LGF (W.D.N.Y. March 18, 2008), attached hereto as Exhibit 2, which were issued after briefing on Plaintiffs' Motion for Judgment on the Pleadings and Defendant's Motion for Summary Judgment was completed in this case, and after the decision in *E.I. DuPont de Nemours and Co. v. Ampthill Rayon Workers, Inc.*, No. 3:07CV52-HEH, 516 F. Supp.2d 588 (E.D.Va. 2007) ("*DuPont v. ARWI*"), which the Plaintiffs moved to file as supplemental authority in October 2007.

The New Jersey and New York decisions, like that of the Eastern District of Virginia, are directly relevant to the pending motions. The New Jersey and New York cases involve the very same amendments to DuPont's benefits plans as are at issue in this case. The United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied-Industrial and Service Workers local unions in New Jersey and New York, Local 943 and Local 4-5025, challenged those amendments by filing grievances similar to the grievance filed here by Local 4-786, and demanded arbitration of those grievances under collective bargaining agreement ("CBAs") with DuPont and a DuPont affiliate, DuPont Performance Elastomers ("DPE"), containing arbitration provisions nearly identical to the one in the CBA between Plaintiffs and DuPont. When DuPont and DPE refused to arbitrate the grievances, Locals 943 and 4-5025 brought suit to compel arbitration, as Plaintiffs did here.

The New Jersey and New York courts both rejected DuPont's arguments that the grievances were not arbitrable, and ordered arbitration of the grievances as to those plans which are listed in the relevant CBAs.

Plaintiffs respectfully submit that the analyses of the District of New Jersey and Western District of New York, like that of the Eastern District of Virginia previously filed, are persuasive and that this Court should reach the same result in this case.

Counsel for Defendant has informed counsel for Plaintiffs that Defendant does not oppose this Motion, on the condition that Plaintiffs will not object if Defendant sees fit to file a response.

For the foregoing reasons, Plaintiffs request leave to file the attached decisions as supplemental authority.

Respectfully submitted,

HEIMAN, GOUGE & KAUFMAN, LLP

*/s/ Susan E. Kaufman*
Susan E. Kaufman (DSB # 3381)
800 King Street
Suite 303
P.O. Box 1674
Wilmington, DE 19801
(302) 658-1800
(302) 658-1473 (fax)
skaufman@hgkde.com

JEREMIAH A. COLLINS
JENNIFER L. HUNTER
Bredhoff & Kaiser, P.L.L.C.
805 Fifteenth St., NW
Washington, D.C. 20005
Telephone:     (202) 842-2600
Facsimile:     (202) 842-1888
jcollins@bredhoff.com
jhunter@bredhoff.com

*Counsel for Plaintiffs United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied-Industrial and Service Workers International Union* and *United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied-Industrial and Service Workers Local 4-786*

DATED:  March 24, 2008

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STEEL, PAPER AND FORESTRY, | ) | |
| RUBBER, MANUFACTURING, ENERGY, | ) | |
| ALLIED INDUSTRIAL AND SERVICE | ) | |
| WORKERS, INTERNATIONAL UNION, | ) | |
| AFL-CIO-CLC, and UNITED STEEL, PAPER | ) | |
| AND FORESTRY, RUBBER, MANUFACTURING, | ) | C.A. No. 07-126 (JJF) |
| ENERGY, ALLIED INDUSTRIAL AND SERVICE | ) | |
| WORKERS LOCAL 4-786, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| E.I. DuPONT de NEMOURS and | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on March 24, 2008, I electronically filed the PLAINTIFFS'
MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY with the Clerk of Court
using CM/ECF which will send notification of such filing(s) to the following:

Kathleen F. McDonough, Esquire
Potter, Anderson & Corroon, LLP
1313 North Market Street
Wilmington, DE 19899

I hereby certify that on March 24, 2008, I mailed by United States Postal Service, the
document(s) to the following non-registered participants:

Thomas P. Gies, Esquire
Crowell & Moring LLP
1001 Pennsylvania Avenue, NW
Washington, DC 20004-2595

*/s/ Susan E. Kaufman*
Heiman, Gouge & Kaufman, LLP
800 King Street, Suite 303
Wilmington, DE  19801
302-658-1800
skaufman@hgkde.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| UNITED STEEL, PAPER AND FORESTRY, ) | |
| RUBBER, MANUFACTURING, ENERGY, ) | |
| ALLIED INDUSTRIAL AND SERVICE ) | |
| WORKERS, INTERNATIONAL UNION, ) | |
| AFL-CIO-CLC, and UNITED STEEL, PAPER ) | |
| AND FORESTRY, RUBBER, MANUFACTURING, ) | |
| ENERGY, ALLIED INDUSTRIAL AND SERVICE ) | |
| WORKERS LOCAL 4-786, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | C.A. No. 07-126 (JJF) |
| ) | |
| E. I . DUPONT DE NEMOURS AND ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

It is hereby ORDERED that Plaintiffs' Motion for Leave to File Additional Supplemental Authority is GRANTED, and the decisions in *United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied-Industrial and Service Workers Local Union 943 v. E.I. DuPont de Nemours and Co.*, Civ. No. 07-0965, and *United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied-Industrial and Service Workers Local Union 943 v. DuPont Performance Elastomers, L.L.C.*, Civ. No. 07-1005, 2008 WL 557277 (D.N.J. Feb. 29, 2008) and *United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied-Industrial and Service Workers Local Union 4-5025 v. E.I. DuPont de Nemours & Co.*, Case 1:07-cv-00122-WMS-LGF (W.D.N.Y. March 18, 2008) will be considered as supplemental authority.

Dated this the _____ day of _____, 2008.

_____
The Honorable Joseph J. Farnan, Jr.

# EXHIBIT 1



Slip Copy                                                                    Page 1
Slip Copy, 2008 WL 577277 (D.N.J.)
(Cite as: Slip Copy)

United Steel, Paper and Forestry, Rubber, Mfg.,
Energy, Allied-Industrial and Service Workers Local
Union 943 v. E.I. DuPont de Nemours and Co.
D.N.J.,2008.
Only the Westlaw citation is currently available.Not
for Publication
United States District Court, D. New Jersey.
UNITED STEEL, PAPER AND FORESTRY,
RUBBER, MANUFACTURING, ENERGY,
ALLIED-INDUSTRIAL AND SERVICE
WORKERS LOCAL UNION 943, Plaintiff,
v.
E.I. DuPONT de NEMOURS AND COMPANY,
Defendant.
United Steel, Paper and Forestry, Rubber,
Manufacturing, Energy, Allied-Industrial and Service
Workers Local Union 943, Plaintiff,
v.
DuPont Performance Elastomers, L.L.C., Defendant.
**Civil Nos. 07-0965 (RBK), 07-1005(RBK).**

Feb. 29, 2008.

David Tykulsker, Tykulsker & Associates, Montclair,
NJ, for Plaintiff.
Denise Maddaloni Keyser, Jennifer L. Sova, Ballard
Spahr Andrews & Ingersoll, LLP, Voohrees, NJ,
Sean M. Beach, Wilmington, DE, for Defendants.

**OPINION**

KUGLER, District Judge.
**\*1** Before the Court is a motion by Plaintiff
United Steel, Paper and Forestry, Rubber
Manufacturing, Energy, Allied-Industrial and Service
Workers Local Union 943 ("Local 943") for
judgment on the pleadings or in the alternative, for
summary judgment, compelling Defendants E.I. du
Pont de Nemours and Company ("DuPont") and
DuPont Performance Elastomers, LLC ("DPE")
(collectively "Defendants") to arbitrate certain
grievances. Further before the Court is Defendants'
cross-motion for summary judgment on Local 943's
complaints seeking to compel arbitration. Also before
the Court are Local 943's motion to strike a portion of
the Declaration of Mary Jo Anderson and motion for

leave to file supplemental authority. Local 943's
grievances challenge amendments Defendants made
to some of their employee benefits plans. For the
reasons set forth below, the Court will construe Local
943's motion as a cross-motion for summary
judgment, which the Court will grant; the Court will
deny Defendants' cross-motion for summary
judgment. Moreover, the Court will deny Local 943's
motion to strike and grant its motion for leave to file
supplemental authority.

**I. BACKGROUND**

**A. Collective Bargaining Agreements**

This case involves three collective bargaining
agreements ("CBAs"). Two of these CBAs are
between DuPont and Local 943 and cover certain
employees at DuPont's Deepwater, New Jersey plant
("DuPont CBAs"), and the third is between DuPont
affiliate DPE and certain employees of DPE's plant in
Deepwater. (DuPont Am. Compl. & Answer ¶¶ 5, 7.)

Each of these CBAs contain an identical
arbitration clause, which states in relevant part, "A
grievance relating to the interpretation or to any
alleged violation of this Agreement not settled to the
mutual satisfaction of either party by ... the grievance
procedure may be submitted to arbitration on written
request of either party."(DuPont Am. Compl. Exs. A,
B, Art. XI; DPE Compl. Ex. A, Art. X.)

The amendments to which Local 943 objects
affected two articles of the CBAs entitled "Industrial
Relations Plans and Practices" ("IRP & P
provision"), present in both the DuPont and DPE
CBAs, and "Hospital and Medical-Surgical
Coverage," exclusive to the DuPont CBAs. The IRP
& P provision states in part:
All existing privileges heretofore enjoyed by the
employees in accordance with the following
Industrial Relations Plans and Practices of the
COMPANY and of the PLANT shall continue,
subject to such rules, regulations, and interpretations
as existed prior to the signing of this Agreement, and
to such modifications thereof, as may be hereafter

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                          Page 2
Slip Copy, 2008 WL 577277 (D.N.J.)
**(Cite as: Slip Copy)**

adopted generally by the COMPANY or by the PLANT to govern such privileges; provided, however, that as long as any one of these COMPANY Plans and Practices is in effect at any other PLANT within the COMPANY, it shall not be withdrawn from the employees covered by this Agreement[.]

(DuPont Am. Compl. Exs. A, B, Art. VII; DPE Compl. Ex. A, Art. VII.) The IRP & P provisions are followed by a list of plans and practices to which the provision applies. In the DuPont CBAs, the list includes three plans to which Defendants made changes: the Pension and Retirement Plan ("Pension Plan"), Savings and Investment Plan ("SIP"), and Dental Assistance Plan ("Dental Plan"). (Defs.' Stmt. of Facts ¶ 14.) The DPE CBA lists two affected plans, the Pension Plan and SIP. (*Id.* ¶ 19; DPE Compl. Ex. A, Art. VII.)

**\*2** The DPE CBA also contains an additional section in its Article VII not present in the DuPont CBAs. This "Section 3" requires DPE to provide "benefits as provided by the Company's Beneflex Benefits Plans, subject to all terms and conditions of said Plan."(DPE Am. Compl. Ex. A, Art. VII § 3.) The Beneflex Benefits Plans signify the Beneflex Life Insurance Plan ("Life Insurance Plan") and Beneflex Vacation Buying Plan ("Vacation Plan"). (Defs.' Stmt. of Facts ¶ 20.)

The other Article relevant to the parties' dispute is the "Hospital and Medical-Surgical Coverage" provision at Article XVI, which only appears in the DuPont CBAs. This provision requires DuPont to provide medical coverage through the Medical Care Assistance Program ("MEDCAP"). (Stip. ¶ 15; DuPont Am. Comp. Ex. A, Art. XVI §§ 1-4.) Alternatively, the provision permits DuPont to make premium payments for alternate coverage to an approved Health Maintenance Organization. (*Id.*)

**B. Announced Plan Amendments and Resulting Grievances**

On August 28, 2006, DuPont sent an email to all U.S. employees announcing changes to its employee benefits offerings. (DuPont Am. Compl. & Answer ¶ 10; DPE Compl. & Answer ¶ 9.) These amendments included several changes affecting new employees hired on or after January 1, 2007: DuPont eliminated

their eligibility for the Pension Plan, SIP, MEDCAP, Dental Plan, and Life Insurance Plan and reduced their available benefits under the Vacation Plan. (Defs.' Stmt. of Facts ¶¶ 42, 45-49; DuPont Am. Compl. Ex. C.) The amendments also affected plans of then-existing employees, including modifications to the Pension Plan and SIP. (Defs.' Stmt. of Facts ¶¶ 43, 45; DuPont Am. Compl. Ex. C.)

On September 22, 2006, Local 943 filed grievances with DuPont and DPE alleging that the changes violated several provisions of the CBAs. (DuPont Am. Compl. Ex. D; DPE Compl. Ex. C.) Regarding active employees, Local 943 alleged that the changes to the Pension Plan and SIP violated the IRP & P provision of the CBAs because "such changes are not permitted 'modifications' within the meaning of that article and section."(DuPont Am. Compl. Ex. D; DPE Compl. Ex. C.) Local 943 cited the same reasoning for why the changes applicable to new hires contravened the CBAs. (*Id.*) In addition, Local 943 alleged that the changes affecting new hires involved "Company Plans and Practices" within the meaning of the IRP & P provision and that their withdrawal from certain employees covered by the CBA violated that provision since the "Plans and Practices" remained "in effect within the Company." (*Id.*)

Finally, Local 943 had two grievances specific to each CBA. The DuPont grievance claimed that the elimination of MEDCAP for new hires violated the Hospital and Medical-Surgical Coverage provision of the DuPont CBAs. (DuPont Am. Compl. Ex. D.) The DPE grievance alleged that the elimination of the Life Insurance Plan and reduction in benefits under the Vacation Plan for new hires violated the IRP & P provision of the DPE CBA. (DPE Compl. Exs. C, D.)[FN1]

> FN1. The original grievance filed against DPE mistakenly cited Article VIII, Section 1 of the DPE CBA. Local 943 corrected this error in an amended grievance dated March 2, 2007, which refers to Article VII, Section 3.

**\*3** In a written response dated January 25, 2007, DuPont asserted that it was not contractually obligated to submit the grievances to arbitration. (DuPont Am. Compl. Ex. E.) It indicated that it

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                               Page 3
Slip Copy, 2008 WL 577277 (D.N.J.)
**(Cite as: Slip Copy)**

considered the grievances to raise disputes regarding the eligibility of Local 943 members for benefits under the plans. (*Id.*) DuPont and DPE stated further that such disputes must be resolved using the claim procedures set forth in the summary plan descriptions of each plan or, once administrative remedies are exhausted, through a civil enforcement action under Section 502 of ERISA. (*Id.*) DPE sent a similar letter on February 27, 2007 to Local 943 concerning the DPE grievances. (DPE Compl. Ex. F.)

**C. Resulting Litigation**

Local 943 filed suit against DuPont on February 28, 2007 and against DPE two days later, seeking to compel Defendants to submit Local 943's grievances to arbitration pursuant to the arbitration clause in the CBAs. On July 18, 2007, the two cases were consolidated. Five days later, Local 943 filed a motion for judgment on the pleadings or in the alternative, a cross-motion for summary judgment, and Defendants filed a cross-motion for summary judgment based on a stipulated record. Since then, each party filed responses and replies. In addition, Local 943 filed a motion to strike a portion of Mary Jo Anderson's Declaration, which Defendants opposed, as well as a motion for leave to file supplemental authority, attaching a decision in a related case in the Eastern District of Virginia, which Defendants did not oppose.

DuPont and its affiliates have fielded additional grievances stemming from the same announced benefit plan changes and has refused to arbitrate any of them based on the same reasoning it offered Local 943 in this case. (Knight Decl. Exs. A-G.) Consequently, unions have brought several actions against DuPont seeking to compel arbitration. *See United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers, International Union, AFL-CIO-CLC, et al. v. E.I. DuPont de Nemours & Co.,* Civ. A. No. 07-126 (D.Del.); *United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers Local 4-5025 v. E.I. DuPont de Nemours & Co.,* Civ. A. No. 07-122 (W.D.N.Y.); *E.I. DuPont de Nemours & Co. v. Ampthill Rayon Workers, Inc.,* Civ. A. No. 07-52 (E.D.Va.). The parties have filed cross-motions for summary judgment based on a stipulated record in each of these jurisdictions. Only the Eastern District of

Virginia has decided the motions, *see E.I. DuPont de Nemours & Co. v. Ampthill Rayon Workers, Inc.,* 516 F.Supp.2d 588 (E.D.Va.2007), a decision which DuPont has appealed.

This Court will construe the parties' motions as cross-motions for summary judgment, as it relies on Defendants' statement of material facts, which incorporates sources outside the pleadings. Furthermore, given the stipulated record, the Court discerns no issues of material fact.

**II. STANDARD OF REVIEW**

**\*4** Summary judgment is appropriate where the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 330, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A genuine issue of material fact exists only if "the evidence is such that a reasonable jury could find for the nonmoving party."*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). When the Court weighs the evidence presented by the parties, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor."*Id.* at 255.

When parties file cross-motions for summary judgment, the court must apply the summary judgment standard to each party's motion individually. *See Appelmans v. City of Phila.,* 826 F.2d 214, 216 (3d Cir.1987). Where review of cross-motions for summary judgment reveals no genuine issue of material fact, then judgment may be entered in favor of the party deserving of judgment in light of the law and undisputed facts. *See Iberia Foods Corp. v. Romeo Jr.,* 150 F.3d 298, 302 (3d Cir.1998) (citing *Ciarlante v. Brown & Williamson Tobacco Corp.,* 143 F.3d 139, 145-46 (3d Cir.1988)).

**III. DISCUSSION**

**A. Parties' Arguments**

Defendants argue that Local 943's grievances are not within the scope of the arbitration clause in the CBAs. (Defs.' Br. at 16-17.) Defendants argue further that plans not mentioned in the respective CBAs

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

cannot be subject to the arbitration clauses. As for the plans that are referenced in the CBAs, Defendants contend that the grievances implicate eligibility issues, which are not subject to arbitration but instead, pursuant to ERISA, must be handled in the dispute resolution process outlined in the plan documents. Local 943 counters that its grievances do not question the application of the benefits plans but rather whether the CBAs afford Defendants the power to make the changes to the plans.

**B. Grievances Do Not Involve Benefits Eligibility Determinations**

Defendants' characterization of Local 943's grievances as involving benefits eligibility determinations is unpersuasive. The Court is instead persuaded by the reasoning of the Eastern District of Virginia in addressing DuPont's identical argument in the suit pending before it. There, the court distinguished the cases cited by DuPont as involving "typical benefit eligibility determinations by plan administrators such as determining whether medical necessity exists for a given procedure or requiring a referral before certain diagnostic tests will be reimbursed." *Ampthill Rayon Workers, Inc.,* 516 F.Supp.2d at 594. The court continued, "The amendments made to benefit plans by DuPont at issue here are of a wholly different nature than routine benefit eligibility determinations.... DuPont has not administered the plans, they have altered them." *Id.* While Defendants' plan amendments presumably could ultimately impact the eligibility of individual employees, the grievances initiated by Local 943 relate instead to whether DuPont's modifications violate the specific terms in the DuPont and DPE CBAs.

**C. Plans Referenced in the CBAs Are Subject to the Arbitration Clause**

**\*5** With the nature of the grievances clarified, the Court must next determine whether they are subject to the arbitration clause. "Arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *AT & T Techs., Inc. v. Commc'ns Workers of Am.,* 475 U.S. 643, 648, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986). The presence of an arbitration clause in an agreement creates a presumption in favor of arbitration. *Id.* at 650. In the

case of a broadly worded arbitration clause, the presumption is even stronger. *Id.* When an agreement's arbitration clause is broad, absent "any express provision excluding a particular grievance from arbitration, ... only the most forceful evidence of a purpose to exclude the claim from arbitration can prevail." *Id.* (quoting *United Steelworkers of Am. v. Warrior & Gulf Nav. Co.,* 363 U.S. 574, 584-585, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960)). Additionally, in evaluating the question of arbitrability, the court must not extend its analysis to the merits of the underlying claim. *Id.* at 649.

Here, the arbitration clause contained in the DuPont and DPE CBAs is broadly worded, thus triggering the strong presumption in favor of arbitration. The clause commits to arbitration any grievance "relating to the interpretation or to any alleged violation of this Agreement," which is not settled via the grievance procedure. (DuPont Am. Compl. Ex. A, Art. XI; DPE Compl. Ex. A, Art. X.) The Third Circuit has characterized as "broad" a similar arbitration clause referring to "any dispute arising out of a claimed violation of this Agreement." *See E.M. Diagnostic Sys., Inc. v. Local 169, Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am.,* 812 F.2d 91, 92, 95 (3d Cir.1987); *see also AT & T Techs., Inc.,* 475 U.S. at 650 (finding arbitration clause regarding "any differences arising with respect to the interpretation of this contract or the performance of any obligation hereunder" to be broad). Thus, in order to overcome this presumption of arbitrability, Defendants must show either (1) that the CBAs expressly exclude the disputes from arbitration or (2) the existence of "strong and forceful" evidence of an intention to exclude them from arbitration. *See United Steelworkers of Am., AFL-CIO-CLC v. Lukens Steel Co., Div. of Lukens, Inc.,* 969 F.2d 1468, 1475 (3d Cir.1992).

DuPont can show neither of the requirements to overcome the presumption. The arbitration clause plainly covers the grievances at issue because they relate to alleged violations and interpretation of specific articles of the CBAs. Specifically, Local 943's grievances encompass seven issues:

(1) whether changes to the Pension Plan and SIP affecting existing employees violate Article VII, Section 1 of the DuPont and DPE CBAs because such changes are impermissible "modifications";

(2) whether changes to the Pension Plan, SIP, and Dental Plan affecting new hires as of January 1, 2007 violate Article VII, Section 1 of the DuPont CBAs because such changes are impermissible "modifications";

**\*6** (3) whether changes to the Pension Plan and SIP affecting new hires as of January 1, 2007 violate Article VII, Section 1 of the DPE CBA because such changes are impermissible "modifications";

(4) whether changes to the Pension Plan, SIP, and Dental Plan affecting new hires as of January 1, 2007 violate Article VII, Section 1 of the DuPont CBAs because the changes constitute the withdrawal of "Company Plans and Practices" that remain "in effect within the Company";

(5) whether changes to the Pension Plan and SIP affecting new hires as of January 1, 2007 violate Article VII, Section 1 of the DPE CBA because the changes constitute the withdrawal of "Company Plans and Practices" that remain "in effect within the Company";

(6) whether elimination of MEDCAP for new hires as of January 1, 2007 violates Article XVI of the DuPont CBAs; and

(7) whether elimination of the Life Insurance Plan and the Vacation Plan violates Article VII, Section 3 of the DPE CBA.

Thus, the grievances involve alleged violations of Article VII, Section 1 of both CBAs, Article XVI of the DuPont CBAs, and Article VII, Section 3 of the DPE CBA, thereby necessitating interpretation of those provisions. As such, each grievance falls within the scope of the broad arbitration clause because each relates to the interpretation or to an alleged violation of the respective CBAs. Moreover, neither the DuPont nor the DPE CBA includes an express limitation that could be read to exclude the grievances made by Local 943 from the scope of the arbitration clause. Finally, Defendants have not pointed to any evidence, much less strong and forceful evidence, of an intention to exclude the benefits plans from the applicability of the arbitration clause. Therefore, the grievances are subject to arbitration pursuant to the respective CBAs.

**D. Motions to Strike and For Leave to File Supplemental Authority**

Local 943 filed a motion to strike a portion of the Declaration of Mary Jo Anderson, which Defendants submitted in support of their cross-motion for summary judgment. Local 943 argues that paragraph 32 is not relevant to the inquiry before the Court because it impermissibly attempts to argue the meaning of the IRP & P provisions of the CBAs and otherwise violates the Federal Rules of evidence. Defendants oppose the motion, stating that their cross-motion for summary judgment does not seek a ruling on the merits and, in any case, paragraph 32 contains admissible statements of fact made on personal knowledge. Based on the Court's disposition of the parties' cross-motions for summary judgment, which did not reference the challenged declaration, it will deny Local 943's motion to strike.

In addition, Local 943 filed a motion for leave to file supplemental authority and attached the decision of the Eastern District of Virginia in the case brought by another union against DuPont seeking arbitration of similar grievances arising from the plan changes. Defendants did not oppose this motion; thus, the Court will grant it.

**IV. CONCLUSION**

**\*7** Based on the foregoing reasoning, the Court will grant Local 943's cross-motion for summary judgment and deny DuPont and DPE's cross-motion for summary judgment. Furthermore, the Court will deny Local 943's motion to strike and grant it motion for leave to file supplemental authority. An accompanying order shall issue today.

D.N.J.,2008.
United Steel, Paper and Forestry, Rubber, Mfg., Energy, Allied-Industrial and Service Workers Local Union 943 v. E.I. DuPont de Nemours and Co.
Slip Copy, 2008 WL 577277 (D.N.J.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# EXHIBIT 2

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

United Steel, Paper and Forestry, Rubber,
Manufacturing, Energy, Allied Industrial and
Service Workers Local 4-5025,

                                        Plaintiff,

        v.                                                          **DECISION AND ORDER**
                                                                    07-CV-122S
E.I. DuPont DeNemours & Company,

                                        Defendant.


# I. INTRODUCTION

        This case involves a labor dispute between the United Steel, Paper and Forestry,

Rubber, Manufacturing, Energy, Allied Industrial and Service Workers Local 4-5025 ("the

Union") and E.I. DuPont DeNemours & Company ("DuPont") over a Grievance filed by the

Union.  The issue presently before this Court is whether the Grievance is subject to

arbitration under the Collective Bargaining Agreement ("CBA").  Both Parties have filed

cross-motions on this issue, which are resolved in this Decision and Order.  For the

following reasons, this Court finds that the Grievance should be submitted to arbitration.


# II. BACKGROUND

**A.      Facts**

        DuPont, the Defendant, operates a manufacturing facility in Niagara Falls, NY.

(DuPont's Memorandum of Law in Support of Summary Judgment, ("DuPont Mem."),

Docket No. 32, pp. 8-9).  The Union, the Plaintiff in this case, is the collective bargaining

representative for the 165 production and maintenance employees at DuPont's Niagara

Falls facility.  (DuPont Mem., p. 9).

DuPont and the Union are parties to a Collective Bargaining Agreement ("CBA") which governs their employment relationship. (Exhibit A to the Complaint, Docket No. 1 ("CBA")). The CBA contains an arbitration provision which states the following:

> Any question as to the interpretation of this Agreement, or as to any alleged violation of this Agreement, which is not otherwise settled to the mutual satisfaction of the parties hereto, at the request of either party, shall be submitted to arbitration.

(CBA, Art. X, § 1).

The CBA also contains a section relating to employee benefit plans entitled "Industrial Relations Plans and Practices." (CBA, Art. XI). This section provides that:

> All existing privileges heretofore enjoyed by the employees at the said Plant in accordance with the following Industrial Relations Plans and Practices of the COMPANY shall continue subject to such rules and regulations as existed prior to the signing of this Agreement and to such modifications thereof as may be hereafter adopted generally by the COMPANY to govern such privileges, provided, however, that **as long as any of these COMPANY Plans and Practices is in effect within the COMPANY, it shall not be withdrawn from the employees covered by this Agreement.** Any change in the Industrial Relations Plans and Practices, except for the BeneFlex Flexible Benefits Plan, which has the effect of reducing or terminating benefits will not be made effective until twelve (12) months' notice is give to the UNION by the COMPANY of that change. Changes to the BeneFlex Flexible Benefits Plan, including changes that have the effect of reducing or terminating benefits, may be made to the BeneFlex Flexible Benefits Plan in accordance with the terms and conditions of said Plan.

(CBA, Art. XI, § 1 (emphasis added)). The CBA lists several benefit plans that are provided to Union employees, these are:

- BeneFlex Flexible Benefits Plan
- Career Transition Financial Assistance Plan

2

- Short-Term Disability Plan
- **Pension and Retirement Plan**
- Special Benefits Plan
- Vacation Plan
- Service Emblem Plan
- Continuity of Service Plan
- Payment to Employees on State and National Guard Emergency Duty
- Payment to Employees on Jury Duty
- Savings and Investment Plan
- Total and Permanent Disability Income Plan

(CBA, Art. XI, § 1 (emphasis added)).

On August 28, 2006, DuPont Senior Vice President Jim Borel issued an announcement via e-mail, which the Union contends violated the terms of the CBA, and which DuPont contends modified the terms of the individual benefit plans. (Exhibit B to the Complaint, Docket No. 1 ("DuPont Announcement")). The e-mail announced various benefit changes for new and existing employees. For instance, the e-mail stated that:

> For employees hired beginning January 1, 2007, the redesigned SIP plan [Savings and Investment Plan] will be the sole vehicle for their retirement security. **They will not be eligible to participate in the Pension and Retirement Plan** and they will not receive a company subsidy for retiree healthcare (medical and dental) and retiree life insurance. Their maximum annual vacation benefit will be five weeks and they will be eligible to purchase vacation only during the first ten years of employment with DuPont.

(DuPont Announcement, Docket No. 1 (emphasis added)).

On September 6, 2006, the Union filed a grievance arguing that the announced changes violated the terms of the CBA. (Exhibit C to the Complaint, Docket No. 1, ("Grievance")). The Union specifically claimed (1) that the announced changes were not permissible "modifications" of benefit plans within the meaning of Article XI of the CBA; (2) that the "withdrawal" of these plans for new employees violated Article XI of the CBA; and

(3) that DuPont had failed to give the Union 12 months notice of the reduction and termination in certain benefits as required by the CBA. (Grievance, Docket No. 1).

DuPont responded by letter on January 26, 2007, and stated that it was refusing to submit the Grievance to arbitration. (Exhibit D to the Complaint, Docket No. 1, ("DuPont Letter")). DuPont explained that it viewed the Grievance as a dispute over Union members' eligibility for certain benefits under the terms and conditions of the individual benefit plans, and not a dispute alleging a violation of the CBA. (DuPont Letter, Docket No 1).

## B.    Procedural History

On March 2, 2007, the Union filed a Complaint seeking to compel arbitration, and alleging that DuPont had breached the CBA. (Docket No. 1). On July 23, 2007, the Union filed a Motion for Judgment on the Pleadings seeking an order compelling arbitration. (Docket No. 27).[1] The Union later moved to amend this Motion, specifically as to the relief requested, and stated that in addition to an order compelling arbitration the Union was seeking declaratory judgment that DuPont had violated the CBA, and an award of attorneys' fees and costs. (Docket No. 34).

On July 23, 2007, DuPont filed a Motion for Summary Judgment seeking dismissal of Plaintiff's Complaint. (Docket No. 28).[2] In support of this Motion, DuPont filed an Affirmation by Mary Jo Anderson (Docket No. 30), which the Union alleges is inadmissible

---

[1] In support of its Motion for Judgment on the Pleadings, the Union submitted a Memorandum of Law and the Affidavit of Jennifer L. Hunter, Esq. In response, DuPont submitted a Memorandum of Law and supporting exhibits. In reply, the Union submitted a Memorandum of Law and a supporting exhibit.

[2] In support of its Motion for Summary Judgment, DuPont submitted the Affirmation of Jennifer G. Knight, the Affirmation of Mary Jo Anderson, a Statement of Facts, a Memorandum of Law, and supporting exhibits. In response, the Union submitted a Memorandum of Law and a Statement of Facts. In reply, DuPont submitted a Memorandum of Law.

and has moved to strike. (Docket No. 39).[3]

After briefing on the Parties' cross-motions was complete, the Union filed a Motion for Leave to File Supplemental Authority, asking that this Court consider a recently published decision of the District Court for the Eastern District of Virginia: <u>E.I. DuPont de Nemours and Co. v. Ampthill Rayon Workers, Inc.</u>, No. 3:07CV52-HEH, ___F.Supp.2d ___, 2007 WL 2812902 (E.D.Va. Sept. 24, 2007). (Docket No. 47).[4] The Ampthill Decision reviewed DuPont's 2006 changes to employee benefits, and held that a grievance filed by the Rayon Workers Union challenging these changes should be submitted to arbitration. <u>Ampthill</u>, 2007 WL 2812902, at *8.

## III. DISCUSSION

### A. Judgment on the Pleadings Standard

Rule 12(c) provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). Courts faced with motions under Rule 12(c) apply the same standard used to decide motions brought under Rule 12(b). <u>Patel v. Contemporary Classics of Beverly Hills</u>, 259 F.3d 123, 126 (2d Cir. 2001). On a Motion for Judgment on the Pleadings, the Court must draw all inferences in favor of the non-moving party. <u>Id.</u>

---

[3] In support of its Motion to Strike, the Union submitted the Declaration of James Briggs. DuPont submitted a Response in Opposition, and the Union filed a Reply in Support.

[4] In support of its Motion for Leave to File Supplemental Authority, the Union submitted a Memorandum and a supporting exhibit. DuPont filed a Response in Opposition and a supporting exhibit.

**B.    Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment is warranted where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).  A "genuine issue" exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).  A fact is "material" if it "might affect the outcome of the suit under the governing law."  Id.  In a case where the non-moving party bears the ultimate burden of proof at trial, the movant may satisfy its burden by pointing to the absence of evidence supporting an essential element of the non-moving party's claim.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986).

In deciding a motion for summary judgment, the evidence and the inferences drawn from the evidence must be "viewed in the light most favorable to the party opposing the motion."  Addickes v. S.H. Kress & Co., 398 U.S. 144, 158-59, 90 S. Ct. 1598, 1609, 26 L. Ed. 2d 142 (1970).  "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper."  Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir. 1991).  The function of the court is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  Anderson, 477 U.S. at 249.

**C.    The Union's Motion for Judgment on the Pleadings**

The Union has moved for judgment on the pleadings, requesting in part that this Court compel DuPont to submit their Grievance to arbitration.  (Docket No. 27).  The Union contends that the Grievance alleges a violation of the CBA; that resolving the Grievance will involve interpretation of the CBA; and that the Grievance is therefore subject to arbitration under Article X of the CBA.  (Union's Mem. Supporting Judgment on the Pleadings, Docket No. 27, pp. 3-14).  DuPont responds that this is not a dispute involving the CBA, but rather, a dispute over the terms, conditions, eligibility, and interpretation of the individual employee benefit plans provided for in the CBA.  (DuPont's Mem. Opposing Judgment on the Pleadings, Docket No. 37, pp. 9-10).

The Supreme Court has long held that "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed ... to submit." United Steelworkers of America v. Warrior & Gulf Nav. Co., 363 U.S. 574, 582-83, 80 S.Ct. 1347, 1353, 4 L.Ed.2d 1409 (1960).  "[T]he question of arbitrability—whether a collective-bargaining agreement creates a duty for the parties to arbitrate the particular grievance—is undeniably an issue for judicial determination. Unless the parties clearly and unmistakably provide otherwise, the question of whether the parties agreed to arbitrate is to be decided by the court, not the arbitrator." AT&T Technologies, Inc. v. Communications Workers of America, 475 U.S. 643, 649, 106 S.Ct. 1415, 1418, 89 L.Ed.2d 648 (1986).

In labor disputes such as this, the United States Supreme Court has recognized a presumption in favor of arbitrability:

> [W]here the contract contains an arbitration clause, there is a presumption of arbitrability in the sense that "[a]n order to arbitrate the particular grievance should not be denied unless

7

it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. ***Doubts should be resolved in favor of coverage***." Such a presumption is particularly applicable where the clause is as broad as the one employed in this case, which provides for arbitration of "any differences arising with respect to the interpretation of this contract or the performance of any obligation hereunder...." In such cases, "[i]n the absence of any express provision excluding a particular grievance from arbitration, we think only the most forceful evidence of a purpose to exclude the claim from arbitration can prevail."

AT&T, 475 U.S. at 650 (quoting Warrior & Gulf Nav., 363 U.S. at 582-85) (emphasis added).

Like the arbitration provision discussed by the Supreme Court in AT&T, the arbitration provision in the CBA here extends to "[a]ny question as to the *interpretation* of [the CBA]" (CBA, Art. X, § 1 (emphasis added)), and may therefore be characterized as a broad arbitration provision. AT&T, 475 U.S. at 650. Accordingly, to overcome the presumption in favor of arbitration, there must be "forceful evidence of a purpose to exclude the claim from arbitration." AT&T, 475 U.S. at 650.

The Union contends that there is a fundamental disagreement between the parties as to whether Article XI of the CBA permits DuPont to unilaterally withdraw certain employee benefit plans. (Union Reply Mem., Docket No. 40, pp. 2-3). DuPont argues that this is not a dispute about the CBA, but rather, a dispute over the terms, conditions, eligibility, and interpretation of the individual employee benefit plans. (DuPont Response Mem., Docket No. 37, pp. 9-10). Here, the Court agrees with the Union that this dispute is a matter subject to arbitration under the CBA.

Article XI of the CBA provides that "[a]ll existing privileges heretofore enjoyed by the

8

employees at the said Plant in accordance with the following Industrial Relations Plans and Practices of [DuPont] shall continue subject to . . . modifications thereof as may be hereafter adopted generally by [DuPont] to govern such privileges."  (CBA Article XI, (emphasis added)).  Article XI further provides that "as long as any of these [individual benefit plans] is in effect within [DuPont], it *shall not be withdrawn* from the employees covered by this Agreement."  (CBA Article XI, (emphasis added)).

The Union contends that the changes outlined in the 2006 Announcement impermissibly *modified* and effectively *withdrew* certain employee benefits provided for in the CBA.  (Union's Mem. Supporting Judgment on the Pleadings, Docket No. 27, pp. 3-14).  DuPont responds that the 2006 Announcement modified the terms and conditions of the *individual employee benefit plans*, and did not impermissibly modify or withdraw any benefits under the CBA.  (DuPont's Mem. Opposing Judgment on the Pleadings, Docket No. 37, pp. 9-22).

This determination—whether the 2006 Announcement constituted an impermissible modification or withdrawal of benefits—goes directly to the merits of the Union's Grievance, and the question of whether DuPont in fact violated the CBA.  Furthermore, the resolution of this question will require an interpretation of the CBA, specifically Article XI and the provisions governing the modification and withdrawal of employee benefits.  The CBA states that "[a]ny question as to the *interpretation* of this Agreement, or as to *any alleged violation* of this Agreement . . . *shall be* submitted to arbitration."  (CBA, Art. X, § 1 (emphasis added)).  Because the Union's Grievance alleges a violation of the CBA, and because resolving this alleged violation will require an interpretation of the CBA, this Court

9

finds that the matter should be submitted to arbitration under Article X of the CBA.

Note that the Court is not determining here whether the 2006 Announcement *did in fact* impermissibly modify or withdraw employee benefits. Such a holding would effectively determine on the merits whether DuPont violated the CBA as the Union has alleged in its Grievance. Litigating the merits of a plaintiff's grievance on a motion to compel arbitration would undermine the arbitration process and negate any benefits to resolving a dispute through arbitration. Rather, the Court is finding that the allegations contained in the Union's Grievance fall within the scope of the CBA arbitration provision, particularly where there is a presumption in favor of arbitration on public policy grounds.

Accordingly, the Union's Motion for Judgment on the Pleadings (Docket No. 27) is granted in part and denied in part. The Union's Motion is granted in part, in that the Court finds that the Grievance should be submitted to arbitration (with the exception of claims relating to the Medcap Plan and the Dental Plan which the Union has withdrawn). (Union Reply Mem., Docket No. 40, p. 2, n. 1). The Union's Motion is denied in part, in that the Court declines to find whether DuPont has breached the CBA, and declines to award costs and attorneys' fees. Lastly, the Union's Motion to Amend (Docket No. 34) is granted, in that the Court has *considered* the Union's revised request for relief.

### D.     DuPont's Motion for Summary Judgment

DuPont contends in its Motion for Summary Judgment that the claims in the Union's Grievance are not subject to arbitration. (Docket No. 28). For the reasons stated above, DuPont's Motion for Summary Judgement is denied. Because the Union's Grievance alleges a violation of the CBA, and because resolving this alleged violation will require an

10

interpretation of the CBA, this Court finds that the Grievance is subject to arbitration under Article X of the CBA.

### E.      Remaining Motions

After DuPont moved for Summary Judgment, the Union moved to strike the Affirmation of Mary Jo Anderson in support of DuPont's Motion for Summary Judgment (Docket No. 39).  DuPont's Motion for Summary Judgment having been denied, the Union's Motion to Strike is denied as moot.

Additionally, the Union filed a Motion for Leave to File Supplemental Authority, asking that this Court consider a recently published decision of the District Court for the Eastern District of Virginia: E.I. DuPont de Nemours and Co. v. Ampthill Rayon Workers, Inc., No. 3:07CV52-HEH, ___F.Supp.2d ___, 2007 WL 2812902 (E.D.Va. Sept. 24, 2007). (Docket No. 47).  The Union's Motion is granted, in that the Court has considered—but has not exclusively relied on—the Ampthill Decision.

### IV. CONCLUSION

For the foregoing reasons, the Union's Motion for Judgment on the Pleadings is granted in part and denied in part; DuPont's Motion for Summary Judgment is denied;  the Union's Motion to Amend is granted; the Union's Motion to Strike is denied as moot; and the Union's Motion for Leave to File Supplemental Authority is granted.

Because the Union's Grievance alleges a violation of the CBA, and because resolving this alleged violation will require an interpretation of the CBA, this Court finds that

the Grievance is subject to arbitration under Article X of the CBA.

# V. ORDERS

IT HEREBY IS ORDERED, that the Union's Motion for Judgment on the Pleadings (Docket No. 27) is GRANTED in part and DENIED in part, consistent with the foregoing Decision and Order.

FURTHER, that DuPont's Motion for Summary Judgment (Docket No. 28) is DENIED.

FURTHER, that the Union's Motion to Amend (Docket No. 34) is GRANTED, in that the Court has *considered* the revised request for relief.

FURTHER, that the Union's Motion to Strike (Docket No. 39) is DENIED as moot.

FURTHER, that the Union's Motion for Leave to File Supplemental Authority (Docket No. 47) is GRANTED, in that the Court has *considered* the supplemental authority.

FURTHER, that the Clerk of the Court is directed to take the steps necessary to close this case.

SO ORDERED.

Dated:   March 17, 2008
       Buffalo, New York

                            /s/William M. Skretny
                            WILLIAM M. SKRETNY
                          United States District Judge